## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**THOMAS F. URBAN, II,**

        **Plaintiff,**

v.                                      **Civil Action No.**

**JAMES F. HUMPHREYS;**
**CINDY J. KIBLINGER; and**
**JAMES F. HUMPHREYS &**
**ASSOCIATES, L.C.,**

        **Defendants.**

### ANSWER TO AMENDED COMPLAINT

For their Answer, the Defendants, James F. Humphreys, Cindy J. Kiblinger, and James F. Humphreys & Associates, L.C., state as follows:

1.      The Defendants deny the allegations in Paragraph 1 of the Amended Complaint.

2.      The Defendant, James F. Humphreys admits that he maintains an apartment in the District of Columbia, but denies that he is resident of the District of Columbia; the Defendant, James F. Humphreys & Associates, L.C., admits that it maintains an office in the District of Columbia; and the Defendants admit that the Plaintiff performed some of his employment duties in the office maintained by the Defendant, James F. Humphreys & Associates, L.C., in the District of Columbia, but the Defendants otherwise deny the allegations in Paragraph 2 of the Amended Complaint.

### PARTIES

3.      The Defendants admit the allegations in Paragraph 3 of the Amended Complaint.

4.      The Defendants admit that the Defendant, James F. Humphreys, is an adult, is licensed to practice law in the District of Columbia, and maintains an apartment in the District

of Columbia, and that the Defendant, James F. Humphreys & Associates, L.C., maintains an office in the District of Columbia, but the Defendants otherwise deny the allegations in Paragraph 4 of the Amended Complaint, including that the primary office of the Defendant, James F. Humphreys & Associates, L.C. is at 1200 New Hampshire Avenue, N.W., Suite 510, Washington, DC  20036.

     5.    The Defendants admit that the Defendant, Cindy J. Kiblinger, is an adult, has a residence at 105 Broncroft Place, Daniels, West Virginia 25832, and has an office at the principal place of business of the Defendant, James F. Humphreys & Associates, L.C., at the United Bank Center, 500 Virginia Street, Suite 800, Charleston, West Virginia 25301, but deny that she supervised the Plaintiff's work in the District of Columbia as alleged in Paragraph 5 of the Amended Complaint, and note that the vast majority of the Plaintiff's work was performed for cases being litigated in the State of West Virginia and/or for clients domiciled in the State of West Virginia.

     6.    The Defendants admit the allegations in Paragraph 6 of the Amended Complaint except to the extent that it alleges that the Defendant, Cindy J. Kiblinger, is the supervising attorney in the Defendant, James F. Humphreys & Associates, L.C., as the Defendant, James F. Humphreys, is the supervising attorney in the firm.

**FACTS**

     7.    The Defendants admit that the Plaintiff was hired effective June 2004; that the Plaintiff would be eligible for salary increases if merited or warranted; that the Plaintiff would be eligible for bonuses if merited or warranted; and that the Plaintiff had been an associate at Williams and Connolly, but otherwise deny the allegations in Paragraph 7 of the Amended Complaint.

2

8.    The Defendants admit that the Plaintiff was hired at a starting annual salary of $160,000.00, but are without sufficient information to admit or deny the remainder of the allegations of Paragraph 8 of the Amended Complaint, and affirmatively state that the Plaintiff's annual salary was the same salary he earned at his previous employment and generous compared to associate attorneys in plaintiffs' firms with similar experience in the State of West Virginia.

9.    The Defendants admit that the Plaintiff was assigned, as an associate, to work on suits involving Monsanto and pharmaceutical companies, among others, and that such suits are typically litigated over several years prior to their resolution by trial or settlement, but otherwise deny the allegations in Paragraph 9 of the Amended Complaint.

10.    The Defendants admit that additional staff was hired in West Virginia during the Plaintiff's employment where the principal place of business and nearly all of the staff of the Defendant firm are located, but otherwise deny the allegations in Paragraph 10 of the Amended Complaint as additional staff was hired who assisted the Plaintiff in the District of Columbia office.

11.    The Defendants admit that the Plaintiff's annual salary was increased by $10,000.00 as of January 2005, but otherwise deny the allegations in Paragraph 11 of the Amended Complaint.

12.    The Defendants admit that the Plaintiff worked a substantial number of hours as required by his employment and the employment of his peers as an associate; that the Plaintiff engaged in travel as required by his employment and the employment of his peers as an associate; and that the employment of another attorney assigned to some of the same cases as the Plaintiff was terminated during the Plaintiff's employment, but otherwise deny the

3

allegations in Paragraph 12 of the Amended Complaint, including that the Monsanto suit became the subject of settlement discussions in March 2007 because of Plaintiff's efforts, and note that the Plaintiff and the attorney who was terminated have formed a law firm that has actively solicited clients on cases to which they were previously assigned.

13.    The Defendants admit that staffing levels varied in the District of Columbia office, and that a number various duties were assigned to the Plaintiff as required by his employment and the employment of his peers as an associate, but otherwise deny the allegations in Paragraph 13 of the Amended Complaint.

14.    The Defendants admit that the Plaintiff was not awarded any discretionary increase in annual salary or any bonus at the end of calendar year 2005 based upon his poor job performance, character issues, and the fact that he never brought a dime in revenue to the Defendant firm in all of the cases to which he was assigned as an associate attorney, but otherwise deny the allegations in Paragraph 14 of the Amended Complaint.

15.    The Defendants admit that the Plaintiff was not awarded any increase in annual salary or any bonus at the end of calendar year 2005 based upon his poor job performance, character issues, and the fact that he never brought a dime in revenue to the Defendant firm in all of the cases to which he was assigned as an associate attorney, but otherwise deny the allegations in Paragraph 15 of the Amended Complaint.

16.    The Defendants deny the allegations in Paragraph 16 of the Amended Complaint, and note the internal inconsistency of an alleged request to place in writing a promise that the Plaintiff contends already existed.

17.    The Defendants admit that a settlement meeting was conducted in a suit against Monsanto on March 30, 2007, attended by the Defendant, James F. Humphreys, and that an

4

agreement to stay proceedings for a period of 90 days was reached, but otherwise deny the allegations in Paragraph 17 of the Amended Complaint.

18.    The Defendants are without sufficient information to admit or deny the allegations in Paragraph 18 of the Amended Complaint, but deny that Plaintiff negotiated a complete agreement with Pfizer and deny that any settlement offer has been made with Pfizer in any of the cases assigned to the Plaintiff in conjunction with his duties as an associate.

19.    The Defendants are hopeful that the efforts of the Plaintiff, however meager, in the cases upon which he worked as an associate will result in outcomes favorable to their clients, just as the efforts of other associates and staff members, but otherwise deny the allegations in Paragraph 19 of the Amended Complaint.

20.    The Defendants admit that the Plaintiff was frequently counseled regarding his repeated acts of sexual harassment of employees of the Defendant, James F. Humphreys & Associates, L.C., and overall poor job performance, which ultimately resulted in the culmination of his employment, but otherwise deny the allegations in Paragraph 20 of the Amended Complaint.

21.    The Defendants admit that the Plaintiff was terminated on May 4, 2007, are without information as to the familial circumstances of the Plaintiff at the time, but otherwise deny the allegations in Paragraph 21 of the Amended Complaint, and otherwise state that the Plaintiff was terminated for his repeated sexual harassment of employees of the Defendant, James F. Humphreys & Associates, L.C., and for his incompetence in the handling of cases to which he was assigned.

## COUNT I – BREACH OF CONTRACT

22.    The Defendants re-assert their Answers to Paragraph 1 through 21 in response to Paragraph 22 of the Amended Complaint.

23.    The Defendants admit that the Plaintiff was informed that his compensation would be commensurate with his job performance, but deny the allegations in Paragraph 23 of the Amended Complaint, and affirmatively state that the Plaintiff was compensated and terminated, as were other associate attorneys, commensurate with his job performance.

24.    The Defendants deny the allegations in Paragraph 24 of the Amended Complaint.

25.    The Defendants deny the allegations in Paragraph 25 of the Amended Complaint.

26.    The Defendants are hopeful that the efforts of the Plaintiff, however meager, in the cases upon which he worked as an associate will result in outcomes favorable to their clients, just as the efforts of other associates and staff members, but otherwise deny the allegations in Paragraph 26 of the Amended Complaint, including that the Plaintiff exerted hard work and extreme effort in the Monsanto matter and pharmaceutical cases and that the Defendant firm stands to profit to an enormous extent due to the work of the Plaintiff.

27.    The Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

## COUNT II – PROMISSORY ESTOPPEL

28.    The Defendants re-assert their Answers to Paragraph 1 through 27 in response to Paragraph 28 of the Amended Complaint.

29.    The Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30.    The Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

31.    The Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

## COUNT III -- UNJUST ENRICHMENT

32.    The Defendants re-assert their Answers to Paragraph 1 through 31 in response to Paragraph 32 of the Amended Complaint.

33.    The Defendants are hopeful that the efforts of the Plaintiff, however meager, in the cases upon which he worked as an associate will result in outcomes favorable to their clients, just as the efforts of other associates and staff members, but otherwise deny the allegations in Paragraph 33 of the Amended Complaint, including that the Plaintiff exerted hard work and professional input, direction, development, and judgment in connection with the Monsanto matter and pharmaceutical cases and that the Plaintiff conferred a benefit upon the Defendant firm worth a percentage of any settlement amount in those cases.

34.    The Defendants were hopeful that the efforts of the Plaintiff, however meager, in the cases upon which he worked as an associate would result in outcomes favorable to their clients, just as the efforts of other associates and staff members, but otherwise deny the allegations in Paragraph 26 of the Amended Complaint.

35.    The Defendants were hopeful that the efforts of the Plaintiff, however meager, in the cases upon which he worked as an associate would result in outcomes favorable to their clients, just as the efforts of other associates and staff members, but otherwise deny the allegations in Paragraph 35 of the Amended Complaint.

36.    The Defendants deny the allegations in Paragraph 38 of the Amended Complaint.

## COUNT IV – QUANTUM MERUIT

37.    The Defendants re-assert their Answers to Paragraph 1 through 36 in response to Paragraph 37 of the Amended Complaint.

38.    The Defendants were hopeful that the efforts of the Plaintiff, however meager, in the cases upon which he worked as an associate would result in outcomes favorable to their clients, just as the efforts of other associates and staff members, but otherwise deny the allegations in Paragraph 38 of the Amended Complaint.

39.    The Defendants were hopeful that the efforts of the Plaintiff, however meager, in the cases upon which he worked as an associate would result in outcomes favorable to their clients, just as the efforts of other associates and staff members, but otherwise deny the allegations in Paragraph 39 of the Amended Complaint.

40.    The Defendants were hopeful that the efforts of the Plaintiff, however meager, in the cases upon which he worked as an associate would result in outcomes favorable to their clients, just as the efforts of other associates and staff members, but otherwise deny the allegations in Paragraph 40 of the Amended Complaint.

41.    The Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

**COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

42.    The Defendants re-assert their Answers to Paragraph 1 through 41 in response to Paragraph 42 of the Amended Complaint.

43.    The Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

44.    The Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

45.    The Defendants deny the allegations in Paragraph 45 of the Amended Complaint.

46.    The Defendants deny the allegations in Paragraph 46 of the Amended Complaint.

**COUNT VI – DECLARATORY JUDGMENT**

47.    The Defendants re-assert their Answers to Paragraph 1 through 46 in response to Paragraph 47 of the Amended Complaint.

48.   The Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49.   The Defendants admit that the Plaintiff's employment as an associate was terminated on May 4, 2007, but otherwise deny the allegations in Paragraph 49 of the Amended Complaint.

50.   The Defendants admit that the Plaintiff has falsely asserted an entitlement to compensation other than his annual salary as an associate, but deny any such entitlement.

### FIRST DEFENSE – LACK OF SUBJECT MATTER JURISDICTION

The Defendants assert a lack of subject matter jurisdiction over the claims of the Plaintiff.

### SECOND DEFENSE – LACK OF PERSONAL JURISDICTION

The Defendant, Cindy J. Kiblinger, assert a lack of personal jurisdiction over the claims of the Plaintiff.

### THIRD DEFENSE – IMPROPER VENUE

The Defendants assert an absence of proper venue in this Court over the claims of the Plaintiff.

### FOURTH DEFENSE – IMPROPER SERVICE OF PROCESS

The Defendants, James F. Humphreys & Associates, L.C., and Cindy J. Kiblinger, assert an absence of proper service of process of the claims of the Plaintiff.

### FIFTH DEFENSE – FAILURE TO STATE CLAIM

The Amended Complaint, in whole or in part, fails to state claims upon which relief may be granted.

### SIXTH DEFENSE – STATUTE OF FRAUDS

The Amended Complaint is barred, in whole or in part, by the statute of frauds.

### SEVENTH DEFENSE – UNCLEAN HANDS/INEQUITABLE CONDUCT

The Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands and/or the inequitable conduct of the Plaintiff.

### EIGHTH DEFENSE – FAILURE OF CONSIDERATION

The Amended Complaint is barred, in whole or in part, by failure of consideration.

### NINTH DEFENSE – WAIVER

The Amended Complaint is barred, in whole or in part, by the doctrine of waiver.

### TENTH DEFENSE – ESTOPPEL

The Amended Complaint is barred, in whole or in part, by the doctrine of estoppel.

### ELEVENTH DEFENSE – STATUTE OF LIMITATIONS

The Amended Complaint is barred, in whole or in part, by statutes of limitation.

### TWELFTH DEFENSE – OTHER AFFIRMATIVE DEFENSES

The Defendants reserve the right to assert such other affirmative defenses as may be supported by the law and the evidence.

> **JAMES F. HUMPHREYS; CINDY J. KIBLINGER; and JAMES F. HUMPHREYS & ASSOCIATES, L.C.,**
>
> **By Counsel**
>
>
>
> Russell D. Jessee, Esq. (DCB No. 468844)
> Steptoe & Johnson, PLLC
> P.O. Box 1588
> Charleston, WV 25326-1588
> Telephone (304) 353-8000
> Facsimile (304) 353-8180

Ancil G. Ramey, Esq. (WVSB No. 3013)
Steptoe & Johnson, PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8112
Facsimile (304) 353-8180

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THOMAS F. URBAN, II,

      Plaintiff,

vs.)                                        Civil Action No.

JAMES F. HUMPHREYS;
CINDY J. KIBLINGER; and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.

      Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2007, I served the foregoing *Answer* upon all counsel of record, by depositing a true copy thereof in the United States mail, postage prepaid, in an envelope addressed as follows:

Mark A. Smith, Esq.
Law Office of Mark A. Smith, LLC.
1785 Massachusetts NW
Suite 100
Washington, DC 20036
*Counsel for Plaintiff*


Russell D. Jessee, Esq.
DC Bar No. 468844


Ancil G. Ramey, Esq.
WV State Bar No. 3013