IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**THOMAS F. URBAN, II,**

    **Plaintiff,**

vs.)                                                                                                    Civil Action No.

**JAMES F. HUMPHREYS;**
**CINDY J. KIBLINGER; and**
**JAMES F. HUMPHREYS &**
**ASSOCIATES, L.C.**

    **Defendants.**

## MOTION TO TRANSFER VENUE

COME NOW the Defendants, James F. Humphreys, Cindy J. Kiblinger, and James F. Humphreys & Associates, L.C., and move to transfer venue of the above-referenced case from the District of Columbia to the Southern District of West Virginia because the Defendants are residents and citizens of southern West Virginia, not Washington D.C., and the substantial events giving rise to the Plaintiff's claims occurred in southern West Virginia, not Washington D.C. In support of their motion, the Defendants state as follows:

1. Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, the defense of "improper venue" may be made by motion at the option of the pleader. Moreover, 28 U.S.C. § 1406(a) (2005) provides, "[t]he district court of a district in which a case is filed laying venue in the wrong. . . . district shall dismiss, or if it be in the interest of justice, transfer such case in any district. . . . in which it could have been brought."

2. 28 U.S.C. § 1391(a) clearly provides that a diversity of citizenship case may only be

brought in a judicial district where any defendant resides, if all defendants reside in the same state, or where a substantial part of the events or omissions giving rise to the claim occurred.[1] Since the Defendants do not reside in the District of Columbia and since none of the events giving rise to this claim occurred in the District of Columbia, venue is improper.

3.   The District of Columbia is the wrong venue because the events that gave rise to this case are all connected to the Southern District of West Virginia. James Humphreys is a long-time resident of southern West Virginia. Cindy Kiblinger is a long-time resident of southern West Virginia. James F. Humphreys & Associates, L.C. is a law firm established, incorporated, and with its principal place of business in southern West Virginia. The Plaintiff entered into an employment relationship with James F. Humphreys & Associates, L.C., in southern West Virginia. And, as the Plaintiff himself recognizes in the Complaint, the Plaintiff performed a substantial portion of his employment duties in southern West Virginia on cases filed and litigated in southern West Virginia. Indeed, the crux of the Complaint is the Plaintiff's allegation that he is entitled to a percentage of certain settlement monies in a class action filed and litigated in southern West Virginia. Therefore, the Southern District of West Virginia is the proper venue for this action and, as such, this case should be transferred.

4.   A federal district court has the power to transfer a case to a district in which the case originally "could have been brought" even when it lacks personal jurisdiction over the defendants.

---

[1] 28 U.S.C. §1391(a)("A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.").

*See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981); *see also* 28 U.S.C. § 1404(a). Section 1404(a) specifically provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

5.  The purpose of section 1404(a) "is to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (superseded on unrelated grounds). A district court has greater discretion in ordering a transfer under section 1404(a) than it had under the more rigid requirements of the common law doctrine of *forum non conveniens*. *Piper Aircraft Co.*, 454 U.S. at 253-54. A district court therefore has broad discretion in deciding whether to transfer a case for the convenience of the parties and witnesses and in the interests of justice under this statute. *Precept Medical Products*, 282 F. Supp.2d 381, 388 (W.D. N.C. 1993).

6.  There is an eight-factor test for determining whether a transfer of venue is proper. These factors are: (1) the place where the operative facts occurred; (2) the convenience to the parties; (3) the convenience to the witnesses; (4) the relative ease of access to the sources of proof; (5) the availability of process to compel attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and, (8) trial efficiency and the interest of justice. *Id.* at 388.

7.  Although a plaintiff's choice of forum is generally accorded deference, where the operative facts alleged in the lawsuit arise outside of the forum state, a plaintiff's selection of venue becomes significantly less compelling. *See ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F.Supp.2d 274, 280 (S.D. N.Y. 2000). Rather, "[t]he location of operative events is a 'primary factor' in determining

3

a motion to transfer venue." *ZPC 2000*, 86 F.Supp.2d at 279 (*quoting Smart v. Good*, 21 F. Supp.2d 309, 316 (1998)).

8. Southern West Virginia is where the operative facts alleged in the Complaint occurred in this case. In fact, no event giving rise to this litigation actually occurred in the District of Columbia. The key issue in this litigation is whether the Plaintiff is entitled to a percentage of certain settlement monies in a class action filed and litigated in southern West Virginia. Facts relevant to this issue exist in West Virginia, not Washington D.C. Plaintiff's declaratory judgment action is based on his employment with a West Virginia law firm. Furthermore, since the Plaintiff performed his services in southern West Virginia, it stands to reason that, aside from Plaintiff, all persons with knowledge regarding his employment relationship with James F. Humphreys & Associates, L.C. are in West Virginia. Also, given that the Plaintiff worked in West Virginia, it is likely that all documents relating to his employment are readily available in West Virginia. Therefore, the convenience and availability of witnesses and the ease of access to proof would be better served by transferring the case to West Virginia.

9. As these witnesses will be located in West Virginia, they are obviously subject to the jurisdiction of West Virginia. These witnesses cannot be compelled by subpoena to testify in the District of Columbia making the case more difficult and expensive to try in the District of Columbia. Additionally, the interests of justice and efficiency are better served by transferring the case to the Southern District of West Virginia because the Defendants as well as the majority of the witnesses and documents are all located there. The need for unnecessary travel to Washington, D.C. would be eliminated for the majority of those involved in this litigation. Moreover, West Virginia law would apply where the substantial events giving rise to the Plaintiff's claims occurred in West

Virginia.

WHEREFORE, because the Southern District of West Virginia is the proper venue for this case, the Defendants respectfully request that this Court transfer this action from the District of Columbia to the Southern District of West Virginia.

|  |  |
|---|---|
|  | JAMES F. HUMPHREYS; CINDY J. KIBLINGER; and JAMES F. HUMPHREYS & ASSOCIATES, L.C. |
|  | **By Counsel** |
| STEPTOE & JOHNSON, PLLC | Russell D. Jessee, Esq. (DCB No. 468844)<br>Chase Tower, Eighth Floor<br>P.O. Box 1588<br>Charleston, WV 25326-1588<br>Telephone (304) 353-8112<br>Facsimile (304) 353-8180 |
| STEPTOE & JOHNSON, PLLC | Ancil G. Ramey, Esq. (WVSB No. 3013)<br>Chase Tower, Eighth Floor<br>P.O. Box 1588<br>Charleston, WV 25326-1588<br>Telephone (304) 353-8112<br>Facsimile (304) 353-8180 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS F. URBAN, II,

      Plaintiff,

vs.)                                          Civil Action No.

JAMES F. HUMPHREYS;
CINDY J. KIBLINGER; and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.

      Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2007, I served the foregoing *Motion to Transfer Venue* upon all counsel of record, by depositing a true copy thereof in the United States mail, postage prepaid, in an envelope addressed as follows:

Mark A. Smith, Esq.
Law Office of Mark A. Smith, LLC.
1785 Massachusetts NW
Suite 100
Washington, DC 20036
*Counsel for Plaintiff*

                                  Russell D. Jessee, Esq.
                                  DC Bar No. 468844

                                  Ancil G. Ramey, Esq.
                                  WV State Bar No. 3013