IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THOMAS F. URBAN II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 1:07-cv-01367 |
| | ) | Judge: James Robertson |
| | ) | |
| JAMES F. HUMPHREYS, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO REMAND OR, IN THE ALTERNATIVE,
<u>REQUEST FOR DISCOVERY SCHEDULE ON ISSUE OF REMOVABILITY</u>**

On May 7, 2007, Plaintiff commenced an action against Defendants in the Superior Court of the District of Columbia. Defendants were duly served within the ensuing 60 days. On July 19, 2007, Plaintiff filed an amended complaint in Superior Court. Plaintiff received a copy of a notice of removal that had purportedly been filed in this Court on July 23, 2007. On July 27, 2007, Defendants filed an amended notice of removal.

Comes now Plaintiff Thomas F. Urban II and hereby respectfully requests this Court to remand this action to the Superior Court of the District of Columbia on the grounds that Defendant James F. Humphreys is a citizen of the District of Columbia and therefore, pursuant to 28 U.S.C. §1441(b), is not entitled to remove this action to federal court. Mr. Humphreys had his primary residence in the District of Columbia from at least July 2004 until at least May 7, 2007. He most recently resided at 3030 K Street,

N.W., Penthouse Suite 301, Washington, D.C. 20007, and, upon information and belief still does.

Mr. Humphreys misleads this Court and the District of Columbia by asserting that he is a resident of the State of West Virginia, even though he has not resided there for almost three years prior to the initiation of this suit. It is starkly telling that nowhere in Defendants' notice of removal does Mr. Humphreys identify the address of the residence that he purports to have in West Virginia. This fact alone strongly promotes the inference that Mr. Humphreys is being less than forthcoming with the Court. He has been a resident of the District since at least 2004. Indeed, his daughter lived with him during the school year 2005-2006 and attended a school in the D.C. area, he rented a residence for his "significant other" in 2005 and part of 2006 in the D.C. area. He spent most of his professional-time in his office in the District of Columbia, and he used his primary vehicle, which was garaged exclusively in the District of Columbia.[1] In the past, Defendant Humphreys has attempted to mislead the District by claiming that he lives at the residence at which his ex-wife resides in Charleston, West Virginia. Plaintiff will be able to establish that Defendant Humphreys does not reside at that address even when he is in Charleston, but rather stays at local Charleston hotels such as the Marriott and Embassy Suites.

If Defendant Humphreys continues to insist on the charade that he was a resident of West Virginia at the time that the complaint in this matter was filed, Plaintiff respectfully requests that this Court order that Defendant Humphreys be required to

---

[1] Plaintiff concedes that this vehicle was registered in West Virginia, but asserts that this is one further example of how Defendant Humphreys has attempted to defraud the District of Columbia and, potentially, his automobile insurance company.

submit to discovery on this issue and that Plaintiff be allowed to subpoena relevant documents that will support the fact that Defendant Humphreys is truly a resident of the District of Columbia. Further, Plaintiff requests that Plaintiff be awarded his attorneys' fees for being required to uncover this deception by Defendant Humphreys, as well as any other sanction that this Court deems appropriate.

## FACTS

Defendant James F. Humphreys moved to the District of Columbia sometime in early 2004. Humphreys opened a District of Columbia office of his West Virginia based law firm later that year and hired John M. Mason to head the office. Humphreys and Mason interviewed several attorneys to staff the D.C. office including Mr. Urban. Mr. Urban was only interviewed for the position with the firm in the D.C. office and was hired to work out of the D.C. office. Humphreys also hired another attorney, Isis Bous, to work out of the D.C. office. Eventually, Humphreys hired six research attorneys in the D.C. office to conduct research on new areas of cases that Humphreys was interested in pursuing.

Since early 2004 until at least May 7, 2007, Humphreys's primary residence was in D.C. Although he drove a BMW licensed in West Virginia, the vehicle was garaged only in D.C. and was his primary vehicle. Humphreys's primary phone was the cell phone that he carried with a D.C. area code. Humphreys's daughter lived with him in the District of Columbia while she attended the Madeira School in McLean, Virginia from at least 2004 until her graduation in May 2006. When Humphreys's son would visit Humphreys from college, his son would stay with Humphreys in the District,

where he got into a vehicular accident in 2005. Humphreys even paid the rent for the residence of his significant other, Margery Clarkson, in the D.C. area from at least 2005 until sometime in 2006. Humphreys used to have an annual Christmas Party in West Virginia prior to moving to D.C. After moving to D.C., he had his 2005 Christmas Party at his residence in Georgetown Harbor (Humphreys did not have a Christmas Party for 2006 in either D.C. or West Virginia). Humphreys also celebrated West Virginia Day (June 20, the date that West Virginia became an independent state in 1863) in 2006 by holding a party at his D.C. residence. Humphreys spent substantial time looking to buy another residence in the District throughout 2004, 2005, 2006, and early 2007.

Humphreys's primary personal office was in D.C. from early 2004 until, at the earliest, May 7, 2007. Although Humphreys visited the West Virginia office on occasion, most of his working hours were spent at his office at 1200 New Hampshire Avenue, N.W. Indeed, this became an issue among some of the West Virginia attorneys as they resented the fact that Urban and Mason were able to spend more time with Humphreys and were allegedly assigned better cases. While working in the D.C. office, Humphreys applied for and was accepted for membership in the D.C. bar. From Humphreys' D.C. office, Humphreys supervised both offices and worked on national political issues. Since 2004, Humphreys has become very involved in D.C. area activities, becoming a season ticket holder at the Kennedy Center, Washington Nationals baseball team, and Washington Redskins.

## ARGUMENT

Diversity of citizenship is determined at the time that a lawsuit is commenced. Saadeh v. Farouki, 107 F.3d 52, 57 (D.C. Cir. 1997). A subsequent change in citizenship or domicile will not divest a court of jurisdiction of a case. Id.[2] The present case was filed on May 7, 2007, and therefore, it is Humphreys' citizenship as of that date that is relevant to this matter.

When the domicile of a party is in doubt, its determination requires an evaluation of all the circumstances of the case. Krasnov v. Dinan, 465 F.2d 1298, 1300 (3rd Cir. 1972). Usually, the citizenship or domicile of a person is the individual's residence. District of Columbia v. Murphy, 314 U.S. 441, 455 (1941) ("the place where a man lives is properly taken to be his domicile until facts adduced establish to the contrary"). Although there are some exceptions to this rule, Humphreys does not fit into any of the general categories of persons who do not reside where they are domiciled such as military personnel, prisoners, out-of-state students, and governmental or organizational officials. Wright & Miller, et al., 13B Fed. Prac. & Proc. Juris.2d § 3612 (2007).

The only support that Defendants provide about Humphreys's supposed citizenship is his own affidavit, which consist of conclusory assertions. A party's own declarations regarding his domicile, however, as with any self-serving statement, are subject to judicial skepticism and are accorded little weight when in conflict with the facts. Murphy, 314 U.S. at 456; Korn v. Korn, 398 F.2d 689, 691 (3rd Cir. 1968) (self-serving declaration cannot prevail to establish domicile when it is contradicted or negated by an inconsistent course of conduct; "otherwise stated, actions speak louder than

---

[2] Plaintiff believes that Humphreys has been attempting to shore up his West Virginia credentials since the filing of this lawsuit in order to avoid having to defend this action in Superior Court.

5

words.") In the present case, the affidavit supplied by Humphreys and the pleadings filed on his behalf to remove this case are careful not to identify his true primary residence. Nonetheless, Plaintiff will be able to prove that many of Humphreys's statements are false and are an attempt to rewrite the facts to avoid defending this action in Superior Court.

Federal courts may look to state law for guidance in defining terms, formulating concepts, or delineating policies. Napletana v. Hillsdale College, 385 F.2d 871 (6th Cir. 1967) Under the law of the District of Columbia, "[r]esidence in fact is an essential element of domicile," District of Columbia v. Woods, 465 A.2d 385, 387 (D.C.1983) (citations omitted), and "the place where a [person] lives is properly taken to be [her] domicile until facts adduced establish the contrary." In re Estate of Derricotte, 744 A.2d 535, 538 (D.C.2000); In re Orshansky, 804 A.2d 1077, 1091 (D.C. 2002).

Defendants have the burden to establish that Humphreys was not a District of Columbia citizen. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see Naartex Consulting Corp. v. Watt, 722 F.2d 779 (D.C. Cir. 1983) ("Because federal courts are of limited jurisdiction, there is a presumption against the existence of diversity jurisdiction.") Therefore, if Defendants refuse to concede the remand to Superior Court, Plaintiffs are entitled to discovery on the issue of diversity. McNutt, 298 U.S. at 189.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court remand this case to Superior Court, or, in the alternative, allow discovery into Defendants' allegations of diversity.

DATED this 14th day of August, 2007.

Respectfully submitted,

_____
Mark A. Smith
Law Office of Mark A. Smith, LLC
 D.C. Bar No. #39116
1785 Massachusetts Avenue, N.W.,
Suite 100
Washington, D.C. 20006
(202) 776-0022
(202) 756-7516 (facsimile)

Attorney for Plaintiff Thomas F. Urban II

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion to Remand or, in the alternative, Request For Discovery Schedule on Issue of Removability, shall be served on counsel for Defendants on the 15th day of August, 2007 via First Class Mail.

                                              Mark A. Smith (Bar # 439116)
                                              Law Office of Mark A. Smith, LLP
                                              1785 Massachusetts Avenue, N.W.
                                              Suite 100
                                              Washington, D.C. 20036
                                              (202) 776-0022
                                              marksmith@masmithlaw.com
                                              Attorney for Plaintiff

Russel David Jessee
STEPTOE & JOHNSON
Chase Tower, Seventh Floor
PO Box 1588
Charleston, WV 25326-1588
Attorney for Defendants