IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS F. URBAN, II,<br><br>                    Plaintiff,<br><br>v.<br><br><br>JAMES F. HUMPHREYS,<br>et. al.<br><br>                    Defendants. | Civil Action No. 1:07-cv-01367<br>Judge James Robertson |

### PLAINTIFF'S MOTION TO ENLARGE TIME FOR FILING OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

On July 27, 2007, Defendants filed, among other documents, a Motion to Transfer Venue. Attorney for Plaintiff was away on vacation and unaware of said motion. In August, he returned from his vacation with his wife and five, young children to find that the allotted time for Plaintiff's response had run. Plaintiff respectfully requests that the court enlarge the period that the rules prescribe for one to respond to a Motion to Transfer Venue. In support of this motion plaintiff asserts the following:

    1.    Under Rule 6(b) of the Federal Rules of Civil Procedure, "the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

2.  Plaintiff's counsel, a solo practitioner, was unable to respond within the designated period. His vacation had been planned well in advance, and he had no way of knowing if, or exactly when, Defendants would file a motion to transfer venue

3.  Upon his return to Washington, D.C., after the time away with his family, the combination of ongoing familial duties, in addition to a backlog of mail, e-mails, telephone calls, and sundry client-related responsibilities, which had distortedly mounted in his absence, facilitated counsel's untimely filing of the attached Opposition to Defendants' Motion to Transfer Venue. Presumably—indeed, hopefully—the relevant portion of Rule 6(b) of the Federal Rules of Civil Procedure was drafted to accommodate just this sort of "excusable neglect."

WHEREFORE, Plaintiff respectfully asks this Court to enlarge the time and accept the accompanying opposition to Defendants' motion to transfer venue.

DATED this 16th day of August, 2007.

Respectfully submitted,

Mark A. Smith
Law Offices of Mark A. Smith, LLC
D.C. Bar No. 439116
1785 Massachusetts Avenue, N.W.,
Suite 100
Washington, D.C. 20006
(202) 776-0022
(202) 756-7516 (facsimile)

Attorney for Thomas F. Urban II

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 16th day of August, 2007, I caused a true and correct copy of the Motion to Enlarge Time for filing Opposition to Defendant's Motion to Transfer Venue and the Opposition To Defendants' Motion to Transfer Venue and Points and Authorities in Support Thereof to be delivered to counsel for the Defendants.

Russell David Jessee
Steptoe & Johnson
Chase Tower, Seventh Floor
PO Box 1588
Charleston, West Virginia 25326-1588

_____
Mark A. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS F. URBAN, II,

                Plaintiff,

v.

                              Civil Action No. 1:07-cv-01367
                              Judge: James Robertson

JAMES F. HUMPHREYS,
et. al.

                Defendants.

## OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendants filed a Motion to Transfer Venue when they filed their Notice of Removal on July 27, 2007. On August 14, 2007, Plaintiff filed a motion to remand the case to state court, specifically to the Superior Court of the District of Columbia, where the matter was initially filed. Plaintiff now moves this Court to deny Defendants' motion to transfer venue. Plaintiff states the following in support of his opposition to Defendants' motion.

    I.      **VENUE IS PROPER IN THE DISTRICT OF COLUMBIA FEDERAL COURT**

         **A. Defendants' Motion To Transfer Venue Should be Denied.**

Venue is proper in the District Court of the District of Columbia. Defendants' Motion to Transfer on the basis of improper venue should be denied. In the instant case, the relevant venue statute is 28 U.S.C. §1441. The general venue statutes (§1391-1393) do not apply to cases that have been initiated in state court and subsequently removed to federal court. *See, Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953); *Lee v. Chesapeake & O. Ry. Co.*, 260 U.S. 653 (1923); *Translinear, Inc. v. Republic of Haiti*, 538 F.Supp. 141 (D.D.C. 1982). Rather, where a case has been removed to federal court, the venue provision of §1441 is given effect. *Tanglewood Mall, Inc. v. Chase Manhattan Bank (Nat. Ass'n)*, 371 F.Supp. 722 (D.C. Va. 1974). Section 1441(a) provides that "the district court of the United States for the district and division embracing the place where such action is pending" is the proper venue of a removed action. 28 U.S.C. § 1441(a). This case was filed in the Superior Court for the District of Columbia. The District Court of the District of Columbia is the district court embracing the place where the action is pending. *See Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F.Supp. 317, 320 (S.D.Miss. 1989). The District of Columbia is therefore the proper venue according to §1441(a). Consequently, the federal district court to which the case was removed cannot dismiss for improper venue subsequent to removal. *See, Hollis v. Fla. State Univ.*, 259 F.3d 1295 (11th Cir. 2001).

The United States District Court for the District of Columbia ruled directly on this point in *Kotan v. Pizza Outlet, Inc.* 400 F.Supp.2d 44 (D.D.C. 2005). In that case, defendants removed the case to federal district court pursuant to 28 U.S.C. §1441 and in accordance with 28 U.S.C. §1446. They subsequently sought to dismiss the action for improper venue under 28 U.S.C. §1406(a) and, in the alternative, sought to transfer venue

under §1404. The court denied Defendant's motion to dismiss on the grounds of improper venue. 400 F.Supp.2d 44, at 46. The court explained that, from the plain language of §1391, this statute is only applicable when the original case is filed in federal court. *Id.* The court reiterated that where a case is filed in state court and is then removed under §1441, §1441 is controlling as to venue. *Id.* The court found that the case had properly been filed in the Superior Court for the District of Columbia and removed to federal Court under §1441. *Id.* It stated that venue was therefore proper under §1441 in the District of Columbia. In so doing, the court reiterated the principal that after an action is removed pursuant to § 1441, objections to venue based on § 1406(a) are not applicable even if venue is improper under §1391. *Id.*

The procedural facts of *Kotan v. Pizza Outlet, Inc.* mirror those of the instant case. Here, Defendant noticed removal pursuant to 28 U.S.C. §1441 and in accordance with 28 U.S.C. §1446. Pursuant to §1441, the proper venue for the case is the district court embracing the state court in which the case was originally filed. 28 U.S.C. § 1441. Because the case was filed in the Superior Court of the District of Columbia, the embracing court—the proper venue—is the federal District Court of the District of Columbia.

## II. DEFENDANTS' MOTION TO TRANSFER VENUE TO WEST VIRGINIA SHOULD BE DENIED

### A. The Convenience of the Parties and the Interests of Justice Weigh Against a Transfer of Venue to West Virginia

Defendant has failed to meet its burden of establishing that the transfer of the actions to the federal district of West Virginia is proper. Section 1404(a), the federal venue transfer statute, provides: "for the convenience of the parties and in the interest of

justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Because of the difficulty of establishing fixed rules on when cases should be transferred, the District of Columbia vests discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *See, Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988), *SEC v. Savoy Indus.*, 587 F.2d 1149, 1154 (D.C.Cir. 1978). The moving party bears the burden of establishing that the transfer of the action to another federal district is proper. *Onyeneho v. Allstate Ins. Co.*, 466 F.Supp.2d 1, 3 (D.D.C. 2006). Defendant has not met the burden of showing that transfer of venue to West Virginia is proper, because it has failed to show that considerations of convenience or fairness weigh in favor of transfer. *Trout Unlimited v. U.S. Dep't. of Agriculture*, 994 F.Supp. 13 (D.D.C. 1996). Defendants have failed because there is not actual evidence that convenience and fairness support the proposition that the matter should be transferred to West Virginia.

1. **The Private Factors Do Not Weigh in Favor of Transfer of Venue**

The private and public factors that the Court is to consider weigh against a transfer of venue in this case. In determining whether to grant a transfer of venue, the court considers both the private interests of the parties and the public interests of the court. *Id.* at 16; *see also, Jumara v. State Farm Insurance Co.*, 55 F.3d 873 (3rd Cir. 1995).

The private interest considerations include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience

of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *McClamrock v. Eli Lilly & Co.*, 167 F.Supp.2d 33 (D.D.C. 2003) (quoting *Trout Unlimited* at 16).

Plaintiff's choice of forum in the District of Columbia court system is entitled to deference. The plaintiff's choice of forum is a paramount consideration in any transfer request. *Sheraton Operating Corp. v. Just Corporate Travel*, 984 F.Supp. 22, 25 (D.D.C. 1997). Normally the plaintiff's choice of forum will be honored unless it would be uniquely inconvenient for the trial to be prosecuted there. *Consumer Federation of America v. Upjohn Co.*, 345 A.2d 225 (D.C.Cir. 1975); *see also, Gross v. Owen*, 221 F.2d 94, 95 (D.C.Cir. 1955) (stating, "it is almost a truism that a plaintiff's choice of a forum will rarely be disturbed."). Indeed, the plaintiff's choice of forum is given substantial deference, particularly where the controversy has meaningful ties to the forum. *See, The Wilderness Society v. Babbitt*, 104 F.Supp.2d 10, 12-13 (D.D.C.2000). Here, Plaintiff's original choice of forum was the Superior Court of the District of Columbia. Plaintiff's choice of forum was based on, among other considerations, the fact that many of the series of events giving rise to the case occurred in the District of Columbia. Plaintiff also lives in a suburb of the District of Columbia. In addition to this, Defendant Humphreys has a residence in which he frequently, if not primarily resides, at 3030 K Street N.W. in Washington, DC, and Defendant Humprheys has a branch of his law firm located in offices at 1200 New Hampshire Ave, NW in Washington, DC. Further, Plaintiff was hired in the District of Columbia when he worked for Defendant Humphreys and his law firm. At no time did Plaintiff ever have an office in West

Virginia. These facts make clear that this case has meaningful ties to the forum, and Plaintiff's choice of forum should be given the presumptive deference that the law accords it.

The defendants have not met the burden of demonstrating that the Plaintiff's choice of forum should be overturned in favor of their choice of forum. According to *Pain v. United Tech.. Corp.*, defendants bear a "heavy burden" in asking the court to do so. 637 F.2d , 775, 784 (D.C.Cir. 1980). As stated above, the dispute at issue has significant ties to the plaintiff's chosen forum. The fact that Defendants have an office in the District of Columbia weighs heavily against their argument to transfer venue. *See, Sheraton*, 984 F.Supp. at 26-27. Therefore, the interests of convenience and fairness to the parties do not weigh in favor of a transfer of venue. Defendants have contended that some relevant documents are likely to be located in West Virginia. But this case will not be driven by documents and it certainly will not be document intensive. It will be chiefly dependent on the testimony of a few lawyers who actually do business in the District of Columbia. Any additional relevant documents can easily be transmitted to Washington, D.C. *See, e.g. Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Resources, Inc.*, 196 F.Supp.2d 21, 36 (D.D.C. 2002), citing *Coker v. Bank of America,* 984 F.Supp. 757, 766 (S.D.N.Y.1997) ("The location of documents factor is neutral" because "in today's era of photocopying, fax machines and Federal Express, [the] documents could easily be sent to New York."). Defendants have thus failed to meet their heavy burden of showing that their choice of forum should override Plaintiff's.

That the claim arose in Washington D.C. also weighs in favor of denying Defendants' motion to transfer venue. Contrary to what Defendants contend in their

6

motion to transfer venue, the core events underlying this litigation did not occur in West Virginia. Plaintiff Urban was hired in Washington, D.C. to perform legal services as a national lawyer for the law firm of James Humphreys & Associates LC. Mr. Urban interviewed only in the Washington, D.C. office and was throughout his employment headquartered in the Washington, D.C. office. Mr. Urban seeks compensation for the work he performed pursuant to his employment with the Washington, D.C. office of James Humphreys & Associates LC. Mr. Urban is not even admitted to the bar of West Virginia. He has been admitted to the bar of the District of Columbia for fifteen years, and has worked for D.C. law firms for virtually his entire legal career. While one of the cases Mr. Urban worked on, and for which he seeks compensation, was based in West Virginia, Mr. Urban performed the work on that case as a Washington, DC lawyer admitted pro hac vice to appear as necessary in the relevant court of West Virginia. Information regarding Mr. Urban's contribution to that case is readily available in Washington, D.C., including Mr. Urban's work product and all of his billing information. Again, these considerations weigh against Defendants' motion to transfer venue.

  The convenience of the parties does not weigh in favor of transferring the case to West Virginia District Court. The plaintiff resides in Northern Virginia and has greater ease of access to the courts of the District of Columbia. Plaintiff would have to travel nearly 200 miles and incur food and lodging expenses were the case to be transferred to West Virginia. Two defendants reside in the District of Columbia. James Humphreys has a residence in downtown Washington, D.C. Also, James Humphreys & Associates, L.C. has offices in Washington DC. The idea that it would be inconvenient for either of these defendants to be involved in litigation here in Washington D.C is a fiction. While a

third defendant does reside in West Virginia, on balance, the actual convenience of the parties—which should be distinguished from the strategic preference of Defendants—favors having the case heard in the District of Columbia.

The convenience of the witnesses also does not weigh in favor of a transfer of venue. The events giving rise to the litigation occurred here in Washington D.C. Therefore it is likely that most witnesses who are likely to be called are here in Washington, D.C. To support its request for transfer under section 1404(a), a moving party must demonstrate (through affidavits or otherwise) what a non-resident witness will testify to, the importance of the testimony to the issues in the case, and whether that witness is willing to travel to a foreign jurisdiction. *See, Thayer/Patricof* at 33, citing *First Health Group Corp. v. Sanderson Farms, Inc.*, 2000 WL 13474 at *2-3 (N.D. Ill. 2000); *Midwest Precision Services, Inc. v. PTM Industries Corp.*, 574 F.Supp. 657, 659-660 (N.D.Ill. 1983). Defendants have not done so. Instead, Defendants merely have made a conclusory statement that a majority of their witnesses are in West Virginia and subject to West Virginia law. Defendants have failed to specify their anticipated witnesses and the importance of their testimony. More importantly, Defendants have failed to indicate whether each of these witnesses would be willing to travel to Washington, D.C. to testify. Therefore, the Defendants have failed to meet their burden of demonstrating to this court that the convenience of the witnesses weighs in favor of a transfer of venue to West Virginia.

The ease of access to proof also weighs against transferring the case to West Virginia. This case involves the contractual arrangements between an employee and his employer in Washington, D.C. As stated above, documents and other materials to be

used in evidence are more likely to be in Washington, D.C than they are to be in West Virginia. Any relevant documents in West Virginia can be easily obtained at no inconvenience to the parties.

### 2. The Relevant Public Interest Factors Do Not Support Transfer of Venue

The public interest considerations weigh in favor of Mr. Urban's choice of forum, rather than Defendants'. These considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Wilderness Soc. v. Babbitt,* 104 F.Supp.2d 10, 12 (D.D.C.2000); *Berenson v. Nat'l Fin. Services, LLC,* 319 F.Supp.2d 1, 2-3 (D.D.C 2004).

The relevant laws that will govern the suit are the laws of the District of Columbia. The core events giving rise to the litigation occurred in Washington, D.C., and Mr. Urban's claims are based on D.C. law. Therefore, it is likely that the laws of the District of Columbia will govern. It is less likely that West Virginia courts will be as familiar with the laws of the District of Columbia as the courts of the District of Columbia.

The District of Columbia has an interest in enforcing its own laws and hearing cases involving employers and employees located in its jurisdiction. The District of Columbia has an interest in vindicating the rights of those who seek to work in the District of Columbia and who rely on their employers' compliance with local laws. The District of Columbia has an interest in ensuring that the companies and firms doing business in its jurisdiction operate in a manner that is fair, equitable, and lawful. Therefore the District of Columbia is the proper venue to hear this case.

## CONCLUSION

WHERFORE, for the foregoing reasons, Defendants' Motion for Transfer of Venue should be denied, and Plaintiff respectfully entreats this Court to deny it.

DATED this 16th day of August, 2007.

Respectfully submitted,

Mark A. Smith
Law Offices of Mark A. Smith, LLC
D.C. Bar No. 439116
1785 Massachusetts Avenue, N.W.,
Suite 100
Washington, D.C. 20006
(202) 776-0022
(202) 756-7516 (facsimile)
marksmith@masmithlaw.com
Attorney for Plaintiff