## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**THOMAS F. URBAN, II,**

   **Plaintiff,**

**vs.)**          **Civil Action No. 1:07-cv-01367**

**JAMES F. HUMPHREYS;**
**CINDY J. KIBLINGER; and**
**JAMES F. HUMPHREYS &**
**ASSOCIATES, L.C.**

   **Defendants.**

## REPLY TO OPPOSITION TO DEFENDANTS'
## MOTION TO TRANSFER VENUE

COME NOW the Defendants, James F. Humphreys, Cindy J. Kiblinger, and James F. Humphreys & Associates, L.C., in reply to the response in opposition by the Plaintiff, Thomas F. Urban, II, to the Defendants' motion to transfer venue of the above-referenced case from the District of Columbia to the Southern District of West Virginia as follows:

  1.  Initially, the Plaintiff misstates the Defendants' motion as one to dismiss for improper venue.[1] Thus, the Plaintiff's argument under 28 U.S.C. § 1441 is a *non sequitur*.[2] As to the real issue before the Court, whether it should exercise its discretion under 28 U.S.C. § 1404(a), the only difference between the parties is whether (1) the Plaintiffs' action could have been instituted in West Virginia and (2) considerations of convenience and fairness support the transfer of the case to the United States District Court for the Southern District of West Virginia. The fact that the Plaintiff

---

[1]Response at 2 ("Venue is proper in the District Court of the District of Columbia.").

[2]Response at 2-3.

would assert that Mr. Humphreys is a resident of the District and the Humphreys firm is domiciled in the District, when the overwhelming evidence is to the contrary, indicates that one of his primary motivations is to make this case as inconvenient to the Defendants, their attorneys, and their witnesses, as possible. This Court has entered an order[3] allowing discovery on the issue of the residence of Mr. Humphreys, who is a former West Virginia state senator, a former candidate for the United States House of Representatives from the State of West Virginia, the founding member of one of the leading plaintiffs firms in West Virginia, and a lifelong resident of West Virginia, with his driver's license,[4] voter's registration card,[5] passport,[6] W-2,[7] state income tax return,[8] federal tax return,[9] and other official documents all indicating his West Virginia residence. At the conclusion of such discovery period, the Defendants are confident that this Court will conclude that Mr. Humphreys was a resident of West Virginia on the date the initial complaint was filed, and that the United States District Court of the Southern District of West Virginia is where, based upon considerations of convenience and fairness, the case should be litigated.

2.    As noted in the Defendants' motion, the purpose of 28 U.S.C. § 1404(a), which is the statute upon which they rely, "is to prevent the waste of 'time, energy and money' and 'to protect

---

[3]Docket Entry No. 9.

[4]Ex. A.

[5]Ex. A.

[6]Ex. B.

[7]Ex. C.

[8]Ex. D.

[9]Ex. E.

litigants, witnesses and the public against unnecessary inconvenience and expense.'"[10]

3.      With respect to Section 1404(a), the Supreme Court has noted that a district court has greater discretion in ordering a transfer than it had under the more rigid requirements of the common law doctrine of *forum non conveniens*.[11]   Indeed, the cases are legion in the United States Court of Appeals for the District of Columbia where it has affirmed the exercise of discretion in transferring cases to other federal district courts where the convenience of the parties and witnesses and the interests of justice so warranted.[12]   " When venue is proper in more than one locale," it has been noted by the Supreme Court, "the district court has discretion 'to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness."'"[13]

3.      Courts have applied an eight-factor test for determining whether a transfer of venue is proper.  These factors are: (1) the place where the operative facts occurred; (2) the convenience to the parties; (3) the convenience to the witnesses; (4) the relative ease of access to the sources of

---

[10]*Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (superseded on unrelated grounds).

[11]*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253-54 (1981)*.*

[12] *see also In re: Jones*, 2004 WL 722264 (D.C. Cir.)(applying abuse of discretion standard of review in affirming transferral of case to the United States District Court for the Eastern District of Texas); *In re Hawkins*, 2003 WL 22794565 (D.C. Cir.)(same in affirming transfer of case to the United States District Court for the Southern District of Iowa); *In re Toolaspradshad*, 2003 WL 22799685 (D.C. Cir.)(same in affirming transfer of case to the United States District Court for the Middle District of Pennsylvania); *In re Mikkilineni*, 2003 WL 22318867 (D.C. Cir.)(same in affirming transfer of case to the United States District Court for the Western District of Pennsylvania); *In re Jones*, 2002 WL 1877009 (D.C. Cir)(same in affirming transfer of case to the United States District Court for the District of Colorado); *In re Anthony*, 2000 WL 1580990 (D.C. Cir.)(same in affirming transfer of case to the United States District Court for the Eastern District of Virginia); *In re Tripani*, 836 F.2d 1406 (D.C. Cir. 1988)(same in affirming transfer of case to the United States District Court for the District of Arizona).

[13]*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

proof; (5) the availability of process to compel attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and, (8) trial efficiency and the interest of justice.[14]  Respectfully, a weighing of these factors favors transfer of this case to the United States District Court for the Southern District of West Virginia.

     4.     First, most of the operative facts in this matter occurred within the Southern District of West Virginia.  Many of the alleged discussions between Mr. Humphreys and Mr. Urban, which form the basis of Mr. Urban's claims, took place either in West Virginia, or over the telephone when both were located outside the District.  As to any discussion between Mr. Humphreys and Mr. Urban regarding Mr. Urban's salary, bonuses, or other compensation, there were no witnesses to such conversations located in the District.  The "Monsanto" case which forms the basis for many of Mr. Urban's claims, is pending in West Virginia.  Indeed, after his departure from the Humphreys firm, Mr. Urban has appeared in that West Virginia case, listing a West Virginia office address, as counsel[15] for some of his former Humphreys clients.[16]  As to his claims against Ms. Kiblinger, all of her activities took place in West Virginia.  There is no question that Mr. Urban's claims "could have been brought" in the Southern District of West Virginia, which is a key factor considered by

---

[14]*Precept Medical Products*, 282 F. Supp.2d 381, 388 (W.D. N.C. 1993); *see also Akiachak Native Community v. Department of Interior*, 2007 WL 2367754 at *2 (D.D.C)(applying similar factors); *Toledano v. O'Connor*, 2007 WL 235011 at *21 (D.D.C)(applying similar factors).

[15]One of the many problems the Defendant firm had with Mr. Urban was his failure, as he initially promised and then was directed, to secure admission to the West Virginia State Bar.  Presently, Mr. Urban, in conjunction with his West Virginia practice, has pending his application for admission to the West Virginia State Bar.  Thus, when Mr. Urban notes in his response, Response at 7, that he is not even admitted to the West Virginia State Bar, it is only fair to note that he is seeking such admission.

[16]Ex. F.

the District of Columbia Court of Appeals in reviewing transfer decisions.[17]

5.    Second, the Southern District of West Virginia is clearly more convenient to the parties.  Mr. Urban represents clients in a number of pending West Virginia cases and routinely appears in West Virginia courts in conjunction with those cases.  Indeed, Mr. Urban's firm maintains more offices in West Virginia, according to his letterhead, than does the Defendant firm.[18] Moreover, a good deal of Mr. Urban's activities which are the subject of this suit took place while he worked out of the firm's West Virginia offices,[19] and maintenance of this case in the Southern

---

[17]*See McSheffrey v. Hawk-Sawyer*, 2003 WL 179850 at *1 (D.C. Cir.)("Moreover, because a number of alleged events occurred in the District of Maryland, the court properly concluded that this case could have been brought there."); *In re O'Leska*, 2000 WL 1946653 at *1 (D.C. Cir.)("A district court may transfer a case to any other district where it might have been brought.").  Indeed, this Court has properly applied the same principle in *Environmental Crimes Project v. E.P.A.*, 928 F. Supp. 1 at *2 (D.D.C. 1995).  As to the ability of Mr. Urban to have maintained his suit in the Southern District of West Virginia, 28 U.S.C. § 1391(a) provides, "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  Here, there would have been complete diversity between Mr. Urban, a Virginia resident, and Mr. Humphreys, Ms. Kiblinger, and the Humphreys firm, all residents or domiciled in West Virginia, not the District. Moreover, as discussed herein, a substantial part of the events giving rise to Mr. Urban's claims occurred in West Virginia, not the District.  Finally, all of the Defendants are subject to personal jurisdiction in West Virginia, but arguably there is no personal jurisdiction over Ms. Kiblinger, whom neither lives, works, nor conducts business in the District, but is merely employed by a law firm that conducts a limited amount of business there.  Moreover, because all of the Defendants are domiciled or resident in West Virginia, and his cause of action arose, at least in part, in West Virginia, he could have filed suit in West Virginia state court.  *See* W. Va. Code § 56-1-1(a)(1)("Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county:  Wherein any of the defendants may reside or the cause of action arose . . . .").

[18]Ex. G.

[19]According to firm accounting records, Mr. Urban made no fewer than 39 trips on commercial flights, between April 1, 2005, and February 19, 2007, to work out of the Charleston office.  Mr.

District of West Virginia will cause him no more inconvenience than did his work for the Defendant firm on the West Virginia cases which are the subject of his claims. All of the other parties, Mr. Humphreys, the Humphreys firm, and Ms. Kiblinger, are all domiciled in West Virginia, and the overwhelming majority of the time of Mr. Humphreys and Ms. Kiplinger is spent in the Southern District of West Virginia. Indeed, Ms. Kiblinger has visited the firm's office in the District only about four times in its existence and, although admitted to practice in the District, has never appeared in any court in the District. Plainly, the Southern District of West Virginia is more convenient to the parties.

6.    Third, the Southern District of West Virginia is clearly more convenient to the witnesses. The Defendant firm is headquartered in the Southern District of West Virginia. Presently, of its eleven attorneys, including Mr. Humphreys and Ms. Kiblinger, all are located in the Southern District of West Virginia, and all of those attorneys will be witnesses and inconvenienced if this case is litigated in the District. Presently, all of the firm's staff is located in the Southern District of West Virginia,[20] and many of those sixty (60) staff members, including secretaries and paralegals, will be witnesses in this matter.[21] All of these staff members will be inconvenienced if

---

Urban made many more trips to Charleston during his employment on the firm's plane.

[20]The firm does maintain a satellite office in the District, but presently, there is no resident attorney located in the office, and there are presently no staff members in the District office.

[21]The following employees performed work for Mr. Urban and may be material witnesses in this case, including but not limited to complaints against Mr. Urban for sexual harassment:

1.    Susan Armstead – Clerk, Charleston,
2.    Betty Bass – Clerk, Charleston
3.    Derick Blankenship – Clerk, Charleston
4.    Susan Carr – Plaintiffs Fact Sheet Project (PFS), Charleston
5.    Miles Cary – Law Clerk, Charleston
6.    Greg Cooper – Paralegal, Charleston

the case is not transferred to the Southern District. Other West Virginia lawyers who dealt with Mr.

Urban, but whom are not employees of the Humphreys firm, will also be witnesses in this case,[22] and

---

7.    Joyce Creed – Plaintiffs Fact Sheet Project (PFS), Charleston
8.    Cathy Gawthrop – Plaintiffs Fact Sheet Project (PFS), Charleston
9.    Beth Kavitz - Law Clerk
10.   Sarah Kennedy – Clerk, Charleston
11.   Rebecca May – Plaintiffs Fact Sheet Project (PFS), Charleston
12.   Luci McKinney – Plaintiffs Fact Sheet Project (PFS), Charleston
13.   Jennifer Moss – Paralegal, Charleston
14.   Evan Osborn Paralegal, Charleston
15.   Marie Parsons – Plaintiffs Fact Sheet Project (PFS), Charleston
16.   Carrie Reveal – Clerk, Charleston
17.   Joyce Salisbury – Plaintiffs Fact Sheet Project (PFS), Charleston
18.   Michelle Shamblin – Plaintiffs Fact Sheet Project (PFS), Charleston
19.   Cyndie Stone – Secretary, Charleston
20.   Angel Tanner – Plaintiffs Fact Sheet Project (PFS), Charleston
21.   Bette Wilhelm – Secretary, Charleston
22.   Kim Williams – Secretary/Paralegal, Charleston

[22]The following West Virginia lawyers who are not employees of the Defendant firm, West Virginia lawyers who are employees of the Defendant firm, and other West Virginia employees of the Defendant firm, may be material witnesses in this case.

1.    Timothy Barber – Attorney, Charleston
2.    Stuart Calwell – Attorney, Charleston
3.    David Carriger – Attorney, Charleston
4.    J. David Cecil – Attorney, Charleston
5.    Todd Gillenwater, IT supervisor, Charleston
6.    Geri Guerin – Attorney, Charleston
7.    Sam Elswick – Attorney, Charleston
8.    Craig Giffin – Attorney, Charleston
9.    Ray Lovejoy – Attorney, Charleston
10.   Chris Luzier – Attorney, Charleston
11.   Jim McKowen – Attorney, Charleston
12.   Alex McLaughlin – Attorney, Charleston
13.   Debbie Miller – IT Supervisor, Charleston
14.   Wade Miller – Office Manager, Charleston
15.   Mary Mason – Former Personal Assistant to James Humphreys, Charleston
16.   Don Parsons – Accountant, Charleston
17.   David Richardson – Attorney, Charleston
18.   John Skaggs – Attorney, Charleston

will be inconvenienced if the case is not transferred to the Southern District of West Virginia.

Finally, a number of the former clients of Mr. Urban while he was employed by the Humphreys firm

may be witnesses in this case, and all reside in the Southern District of West Virginia.[23]  These non-

party witnesses will be inconvenienced if the case is not transferred to the Southern District of West

Virginia.  Mr. Urban complains about traveling 200 miles to attend proceedings in the Southern

District of West Virginia,[24] but that inconvenience pales in comparison to the perhaps forty (40) or

more non-party witnesses who would be required to travel to the District.  Plainly, the Southern

District of West Virginia is more convenient to non-party witnesses.

7.    Fourth, almost all of the sources of proof of the claims and defenses are in the

Southern District of West Virginia.  The firm's financial, litigation, and other records are stored in

the Southern District of West Virginia.  Mr. Urban's employment records are stored in the Southern

District of West Virginia.  The "Monsanto" case is being litigated in West Virginia.  All of the

records regarding that litigation are in West Virginia.  Even Mr. Urban does not contest that the

relevant documents are located in West Virginia.[25]  Mr. Urban alleges that, "This case involves the

contractual arrangements between an employee and his employer in Washington, D.C.,"[26] but there

was no written employment contract; indeed, the complaint makes clear that Mr. Urban's claims are

---

      19.    Denise Tench – Accounting Dept., Charleston
      20.    Tom Wilson – Attorney, Charleston
      21.    Cindy Withrow – Paralegal, Charleston

   [23]These clients and former clients, primarily, would be those involved in the "Monsanto" case referenced in the complaint.

   [24]Response at 7.

   [25]Response at 6.

   [26]Response at 8.

predicated upon alleged *oral* promises. The only parties to those *oral* promises were Mr. Urban and

Mr. Humphreys, and most of the evidence regarding Mr. Urban's alleged performance of his

obligations pursuant to these alleged *oral* promises resides in West Virginia, where the cases were

litigated, where the clients reside, and where the documents are located, not in the District. Mr.

Urban's argument to the contrary notwithstanding, a good deal of the proof, particularly any proof

of Mr. Urban's damages, is located almost solely within the Southern District of West Virginia.

Plainly, the Southern District of West Virginia is more convenient with respect to the sources of

proof.

8.    Fifth, the availability of process to compel the attendance of unwilling witnesses is

much greater in the Southern District of West Virginia. Indeed, to the Defendants' knowledge, not

a single witness is a resident of the District. Conversely, almost all the witnesses are residents of the

Southern District of West Virginia. Plainly, it will be more convenient in the Southern District of

West Virginia to effectuate the service of process to compel the attendance of any unwilling

witnesses at trial.

9.    Sixth, the Defendants do not dispute that a plaintiff's choice of forum is entitled to

some weight, but where the operative facts alleged in the lawsuit arise outside of the forum state, a

plaintiff's selection of venue becomes significantly less compelling.[27]  Rather, "[t]he location of

operative events is a 'primary factor' in determining a motion to transfer venue."[28]  Moreover, with

respect to plaintiff's choice of forum, this Court observed in *Dooley v. United Technologies Corp.*,[29]

---

[27]*See ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274, 280 (S.D. N.Y. 2000).

[28]*ZPC 2000*, 86 F. Supp.2d at 279 (*quoting Smart v. Good*, 21 F. Supp.2d 309, 316 (1998)).

[29]786 F. Supp. 65, 82 (D.D.C. 1992)(citation omitted).

that, "courts, including this one, have held that this factor is given less weight when the plaintiff is a foreigner in his chosen forum."  The Defendants respectfully submit that the circumstances of this case where the balance of convenience is strongly in favor of the Defendants, the Plaintiff's choice of forum should not prevail, but this Court should exercise its discretion to transfer this case to the United States District Court for the Southern District of West Virginia.

10.    Seventh, the forum's familiarity with the governing law, on balance, weighs in favor of transfer to the United States District Court for the Southern District of West Virginia.  In diversity cases, the Court looks to the District of Columbia for the applicable choice of law principles to determine the body of law that should govern substantive matters.[30]  Under District of Columbia conflicts law, a court must apply the law of the state that has the most significant relationship to the parties and the transaction; the aim of the analysis is to determine which jurisdiction's policies would be furthered by resolving the underlying dispute pursuant to its law.[31]

11.    To determine which state has the most significant relationship to a contract dispute, the District applies the analysis outlined in § 188 of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS:  (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance of the contract, (4) the location of the subject matter of the contract and (5) the place

---

[30]*Klaxon Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 497, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477 (1941)(a federal district court applies the choice of law rules of the jurisdiction in which it sits to determine the body of law that should govern substantive matters); *Gray v. American Express Co.*, 743 F.2d 10, 16 (D.C.Cir.1984); *Godbey v. Frank E. Basil Inc*., 603 F.Supp. 775, 776-77 (D.D.C.1985) *Liberty Mut. Ins. Co. v. Travelers Indem. Co.*, 78 F.3d 639, 642 (D.C.Cir.1996).

[31]*Kroger v. Legalbill.com*, 436 F.Supp.2d 97, 103-04 (D. D.C. 2006) (*citing Hercules & Co., Ltd. v. Shama Restaurant Corp*., 566 A.2d 31, 41 n. 18 (D.C.1989); *Nationwide Mut. Ins. Co. v. Richardson*, 270 F.3d 948, 953 (D.C.Cir.2001); *Eli Lilly & Co. v. Home Ins. Co.*, 764 F.2d 876, 882 (D.C.Cir.1985); *Greycoat Hanover F St. Ltd. P'ship v. Liberty Mut. Ins. Co.*, 657 A.2d 764, 767-68 (D.C.1995)).

of incorporation and the place of business of the parties.[32]  With respect to claims of injury, the

District applies the analysis outlined in § 145 of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS:

(1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred;

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties;

and (4) the place where the relationship is centered.[33]

       12.      For example, in *Kroger v. Legalbill.com,*[34] in which a former employee sued a former

employer, alleging breach of contract, fraud, and negligent misrepresentation, the plaintiff argued

for the application of French law because he lived in and worked full-time for the defendant in

France before he was terminated.  This Court concluded that Tennessee law governed both the

contract and tort actions because (1) Tennessee was the site of both the primary contract negotiations

and the defendant's headquarters; (2) the plaintiff's position as a managing director for the defendant

required the plaintiff to live in Europe and communicate regularly with the defendant at Tennessee

headquarters; (3) no other state had contacts that were as substantial as those of Tennessee; (4)

although the plaintiff complained that misrepresentations were made in both the District and

Tennessee, the parties' residences and employment relationship weighed in favor of applying

Tennessee law where the defendant was based in Tennessee and the plaintiff made no claim of

---

[32]*Id.* at 104 (*citing Koro Co. v. Bristol-Myers Co.*, 568 F. Supp. 280, 286 (D.D.C. 1983); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188(2)(1971); *In re Parkwood Inc.*, 461 F.2d 158, 172 n. 28 (D.C. Cir.1971); *Century International Arms, Ltd v. Federal State Unitary Enterprise State Corporation "Rosvoorouzheinie,"* 172 F. Supp. 2d 79, 89 (D.D.C.2001); *Clayman v. Goodman Properties, Inc.*, 518 F.2d 1026, 1030 n. 22 (D.C. Cir. 1973); *Legg, Mason & Co. v. Mackall & Coe, Inc.*, 351 F. Supp. 1367, 1370 n. 2 (D.D.C. 1972); *Eli Lilly & Co.*, 764 F.2d at 882; *Owen v. Owen*, 427 A.2d 933, 937 (D.C. 1981)).

[33]*Id.* (*citing Bryson v. Gere*, 268 F. Supp. 2d 46, 55 (D.D.C.2003); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145.

[34]436 F. Supp. 2d at 97.

11

residence in the District; and (5) Tennessee was the state most central to the parties' relationship.

13.    In this case, the parties' residences and employment relationship weigh in favor of applying West Virginia law and, thus, of transfer to the United States District Court for the Southern District of West Virginia where the Defendants are all domiciled in West Virginia and the Plaintiff is not a resident of the District.  Moreover, the parties' relationship as well as the subject of this suit is centered on events that occurred in West Virginia.  As the Plaintiff himself recognizes in the complaint, the Plaintiff performed a substantial portion of his employment duties in southern West Virginia on cases filed and litigated in southern West Virginia.  Indeed, the crux of the complaint is the Plaintiff's allegation that he is entitled to a percentage of certain settlement monies in a class action filed and litigated in southern West Virginia.  Because West Virginia has the "more substantial interest," West Virginia laws would govern in the instant action.

14.    Finally, the concerns of trial efficiency and the interests of justice will be far better satisfied, for the reasons herein set forth, if this case is transferred to the Southern District of West Virginia.  This is not a case, like *TOMAC v. Norton*,[35] in which this Court properly held that, "The interests of justice, efficiency, and fairness would not be served by transfer after this Court has invested significant time in the case."  Rather, the Defendants filed their motion to transfer from the outset because the interests of justice, efficiency, and fairness are far better served by not burdening this Court with the difficulties that will undoubtedly arise if the case is not transferred.  This is also not a case, like *Dooley*,[36] in which this Court properly held that, "[I]n this case, Washington, D.C., in addition to being the plaintiff's chosen forum, is the district where counsel for all of the parties

---

[35]193 F. Supp. 2d 182, 195 (D.D.C. 2002).

[36]786 F. Supp. 65, 82 (D.D.C. 1992)(citation omitted).

are located. Consequently, much, if not most, of the work of pursuing this matter in court will be centered in the District of Columbia. The Court finds that it will not cause great hardship to the parties to finish that process by trying the case within the District." Although Mr. Urban's counsel has an office in the District, all of the defense attorneys are located in West Virginia and their firm has no office located outside of West Virginia other than a satellite office in Columbus, Ohio. Moreover, as previously noted, the Court has not invested the time in the instant case, as it had done in *TOMAC* and *Dooley*.

WHEREFORE, because (1) the Plaintiff could have filed his suit in the United States District Court for the Southern District of West Virginia or the Circuit Court of Kanawha County, West Virginia and (2) the considerations of convenience and the interests of justice weigh heavily in its favor, the Defendants respectfully request that this Court transfer this action to the United States District Court for the Southern District of West Virginia.

**JAMES F. HUMPHREYS; CINDY J. KIBLINGER; and JAMES F. HUMPHREYS & ASSOCIATES, L.C.**

**By Counsel**

STEPTOE & JOHNSON, PLLC

　　　/s/ Russell D. Jessee
Russell D. Jessee, Esq. (DCB No. 468844)
Chase Tower, Eighth Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8112
Facsimile (304) 353-8180

                                    /s/ Ancil G. Ramey
                        _____
                        Ancil G. Ramey, Esq. (WVSB No. 3013)
STEPTOE & JOHNSON, PLLC    Chase Tower, Eighth Floor
                        P.O. Box 1588
                        Charleston, WV 25326-1588
                        Telephone (304) 353-8112
                        Facsimile (304) 353-8180

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**THOMAS F. URBAN, II,**

      **Plaintiff,**

**vs.)**                                           **Civil Action No. 1:07-cv-01367**

**JAMES F. HUMPHREYS;**
**CINDY J. KIBLINGER; and**
**JAMES F. HUMPHREYS &**
**ASSOCIATES, L.C.**

      **Defendants.**

### CERTIFICATE OF SERVICE

    I hereby certify that on August 23, 2007, I served the foregoing **"REPLY TO OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE"** upon all counsel of record, by depositing a true copy thereof in the United States mail, postage prepaid, in an envelope addressed as follows:

Mark A. Smith, Esq.
Law Office of Mark A. Smith, LLC.
1785 Massachusetts NW
Suite 100
Washington, DC 20036
*Counsel for Plaintiff*

                                        /s/ Russell D. Jessee
                                        Russell D. Jesse, Esq.
                                        DC Bar No. 468844

                                        /s/ Ancil G. Ramey
                                        Ancil G. Ramey, Esq.
                                        WV State Bar No. 3013





The Secretary of State of the United States of America
hereby requests all whom it may concern to permit the citizen/national
of the United States named herein to pass without delay or hindrance
and in case of need to give all lawful aid and protection.

Le Secrétaire d'Etat des Etats-Unis d'Amérique
prie par les présentes toutes autorités compétentes de laisser passer le citoyen
ou ressortissant des Etats-Unis titulaire du présent passeport, sans délai ni
difficulté et, en cas de besoin, de lui accorder toute aide et protection légitimes.

El Secretario de Estado de los Estados Unidos de América por el presente solicita a las
Autoridades competentes permitir el paso del ciudadano o nacional de los Estados Unidos
aquí nombrado, sin demora ni dificultades, y en caso de necesidad, prestarle toda la
ayuda y protección lícitas.

_Damien Humphreys_

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE/FIRMA DEL TITULAR

**NOT VALID UNTIL SIGNED**



PASSPORT
PASSEPORT
PASAPORTE

UNITED STATES OF AMERICA

Type / Type / Tipo    Code / Code / Código    Passport No. / No. du Passport / No. de Pasaporte
P                     USA

Surname / Nom / Apellidos
HUMPHREYS
Given names / Prénoms / Nombres
JAMES FLOYD
Nationality / Nationalité / Nacionalidad
UNITED STATES OF AMERICA
Date of birth / Date de naissance / Fecha de nacimiento

Sex / Sexe / Sexo    Place of birth / Lieu de naissance / Lugar de nacimiento
M              WEST VIRGINIA, U.S.A.
Date of issue / Date de délivrance / Fecha de expedición        Authority / Autorité / Autoridad
08 Dec 1999                                    National
Date of expiration / Date d'expiration / Fecha de caducidad      Passport Center
07 Dec 2009
Amendments / Modifications / Enmiendas
See Page 24

P<USAHUMPHREYS<<JAMES<FLOYD<<<<<<<<<<<<<<<<<<

| a Control number | | | | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. |
|---|---|---|---|---|
| | | OMB No. 1545-0008 | | |

| b Employer identification number (EIN) 31-1488320 | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|
| c Employer's name, address, and ZIP code | | 3 Social security wages | 4 Social security tax withheld |
| James F. Humphreys & Associates, L.C. 500 Virginia St., East Ste 800 Charleston, WV 25301 | | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | | 7 Social security tips 0.00 | 8 Allocated tips 0.00 |
| d Employee's social security number | | 9 Advance EIC payment 0.00 | 10 Dependent care benefits 0.00 |
| e Employee's name, address, and ZIP code | Suff. | 11 Nonqualified plans 0.00 | 12a See instructions for box 12 D |
| James F.          Humphreys 1616 Kirklee Road Charleston, WV 25314 | | 13 Statutory employee ☐  Retirement plan ☒  Third-party sick pay ☐ | 12b 0.00 |
| | | 14 Other | 12c 0.00 |
| | | | 12d 0.00 |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| WV | 31-1488320 | | | 0.00 | 0.00 | |
| | | 0.00 | 0.00 | | | |

Form **W-2** **Wage and Tax Statement**

2006

Department of the Treasury—Internal Revenue Service

Copy C—For EMPLOYEE'S RECORDS (see Notice to Employee on back of Copy B.)

Safe, accurate, FAST! Use 

**2006 FORM IT-140**

**WEST VIRGINIA RESIDENT INCOME TAX RETURN**

P 1 1 2 0 0 6 0 1 G

Print in Black or Blue Ink Only
Do not send a photocopy of this form. The original form is printed in black ink. Do not write on, staple or punch holes in barcode.

| A | Last Name | Name (if joint return, give first names and initials of both) | Your Social Security Number |
|---|---|---|---|
| | HUMPHREYS | JAMES F | |

Present home address (number and street, including apartment number or rural route)
**500 VIRGINIA ST SUITE 800**

| City or Town | County | State | Zip Code | Spouse's Social Security Number |
|---|---|---|---|---|
| CHARLESTON | Kanawha | WV 25301 | | |

| Your Year of Birth | Spouse's Year of Birth | Daytime Phone Number | If you filed Form WV-8379 as an injured spouse, check this box |
|---|---|---|---|

Enter extended due date    MM  DD  YY

**B  FILING STATUS (CHECK ONE)**

1. Single, Head of household, or Widow(er) with dependent child .................................................. [X]
2. Married filing jointly (even if only one spouse had income) ..............................................
3. Married filing separately. Enter spouse's social security number above & name here ..............

**C  EXEMPTIONS**

1. Exemptions claimed on your federal return (SEE INSTRUCTIONS IF YOU MARKED FILING STATUS 3) ............ **3**
2. Additional exemption if surviving spouse (see page 3). Enter decedent's SSN _____ Year spouse died _____
3. TOTAL EXEMPTIONS (add boxes 1 and 2). Enter here and on line 6 below. If box 3 is zero, enter $500 on line 6 below ..... **3**

| | | | |
|---|---|---|---|
| 1. Federal Adjusted Gross Income (Federal Form 1040; Form 1040A; or Form 1040EZ) ................ | 1 | | |
| 2. Additions to Income (line 29 of Schedule M) ..................................... (+) | 2 | | 00 |
| 3. Subtractions from Income (line 42 of Schedule M)   **See Schedule M**   (-) | 3 | | |
| 4. West Virginia Adjusted Gross Income (line 1 plus line 2 minus line 3) ................ | 4 | | |
| 5. Low-Income Earned Income Exclusion ..................................... | 5 | | 00 |
| 6. Exemptions (box 3 of Section C above   **3**  x $2,000) ..................... | 6 | | |
| 7. West Virginia Taxable Income (line 4 minus lines 5 and 6) IF LESS THAN ZERO, ENTER ZERO | 7 | | |
| 8. Income Tax Due from (check one)  ☐ Tax Table  ☐ Rate Schedule  [X] Schedule T | 8 | | |

| | | | | | |
|---|---|---|---|---|---|
| 9. West Virginia Income Tax Withheld (**ENCLOSE LEGIBLE W-2(S) OR 1099(S)**) | 9 | | | | |
| 10. Estimated Tax Payments and Payments with Extension | 10 | | | | |
| 11. Senior Citizen Tax Credit for Property Tax Paid (enclose Form WV/SCTC-1) | 11 | | 00 | | |
| 12. Tax Credits/Employment/Nonfamily Adoption Credits | 12 | | 00 | | |
| 13. Credit for Income Tax Paid to Other State(s) (enclose Schedule E) | 13 | | 00 | | |
| 14. Sum of Payments and Credits (add lines 9 through 13) | | | | 14 | |
| 15. **Balance of Tax Due** (line 8 minus line 14) | | | | 15 | 0 00 |
| 16. **Penalty Due** from Form IT-210 (see instructions on page 31) | | | | 16 | |

CHECK IF REQUESTING WAIVER/ANNUALIZED WORKSHEET ATTACHED ☐

| | | | |
|---|---|---|---|
| 17. **Balance Due the State** (add lines 15 and 16) ENCLOSE PAYMENT VOUCHER (page 2) | | 17 | 0 00 |

CHECK HERE IF PAYMENT BY CREDIT/DEBIT CARD ☐

| | | | |
|---|---|---|---|
| 18. **Overpayment** (subtract line 8 from line 14) ....................... | | 18 | |
| 19. Amount of Overpayment to be Credited to 2007 Estimated Tax ...... | 19 | | |

20. **West Virginia Children's Trust Fund** to help prevent child abuse and neglect.
Enter the amount of your contribution ..... ☐ $5  ☐ $25  ☐ $100
☐ Other  $ _____     | 20 |  | 00

| | | | |
|---|---|---|---|
| 21. Deductions from your Overpayment (add lines 19 and 20) .................. | | 21 | |
| 22. **Refund Due You** (subtract line 21 from line 18) (Refund of $2 or less, see page 5) ..... **REFUND** | | 22 | 00 |

DIRECT DEPOSIT OF REFUND    Type:   Checking ☐   Savings ☐
Routing number _____    Account number _____

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct and complete. I authorize the State Tax Department to discuss my return with my preparer.   YES [X]  NO ☐

**Sign Here**

Your Signature _____  Date    4/13/07

Spouse's Signature _____  Date

Preparer's Signature _____
55-0661933
Preparer's EIN
**Cain & Associates, CPA's**
**Parkersburg        WV 26101**
Address of Preparer    Daytime Phone Number  **304-422-5209**

Mail To:   **REFUND**
WV State Tax Department
P.O. Box 1071
Charleston, WV 25324-1071

**BALANCE DUE**
WV State Tax Department
P.O. Box 3694
Charleston, WV 25336-3694

*(left margin, vertical)* Enclose W-2(s) and 1099(s) - Do Not Attach

Form **1040** U.S. Individual Income Tax Return **2006** (99) IRS Use Only - Do not write or staple in this space.

| | | | OMB No. 1545-0074 |
|---|---|---|---|
| | For the year Jan. 1–Dec. 31, 2006, or other tax year beginning | , 2006, ending , 20 | |

**Label** (See instructions on page 16.) **Use the IRS label. Otherwise, please print or type.**

Your first name and initial: JAMES F     Last name: HUMPHREYS

Your social security number: ▰▰▰▰

If a joint return, spouse's first name and initial     Last name

Spouse's social security number

Home address (number and street). If you have a P.O. box, see page 16.     Apt. no.
500 VIRGINIA ST SUITE 800

City, town or post office, state, and ZIP code. If you have a foreign address, see page 16.
CHARLESTON     WV 25301

You **must** enter your SSN(s) above. ▲

Checking a box below will not change your tax or refund.

**Presidential Election Campaign** ▶ Check here if you, or your spouse if filing jointly, want $3 to go to this fund (see page 16) ▶ [X] You  [ ] Spouse

**Filing Status**
Check only one box.

1. [ ] Single
2. [ ] Married filing jointly (even if only one had income)
3. [ ] Married filing separately. Enter spouse's SSN above and full name here. ▶
4. [X] Head of household (with qualifying person). (See page 17.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5. [ ] Qualifying widow(er) with dependent child (see page 17)

**Exemptions**

6a [X] Yourself. If someone can claim you as a dependent, **do not** check box 6a
b [ ] Spouse

Boxes checked on 6a and 6b: 1
No. of children on 6c who:
• lived with you: 2

c Dependents:

| (1) First name / Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qual. child for child tax cr. (see page 19) |
|---|---|---|---|
| JAMES O HUMPHREYS | ▰▰▰ | Son | |
| KATHLEEN M HUMPHREYS | ▰▰▰ | Daughter | |

If more than four dependents, see page 19.

• did not live with you due to divorce or separation (see page 20):
Dependents on 6c not entered above:
Add numbers on lines above ▶ 3

d Total number of exemptions claimed

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see page 23.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. **Do not** include on line 8a | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends (see page 23) | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 24) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ [ ] | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions 15a | b Taxable amount (see page 25) | 15b | |
| 16a | Pensions and annuities 16a | b Taxable amount (see page 26) | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits 20a | b Taxable amount (see page 27) | 20b | |
| 21 | Other income. List type and amount (see page 29) | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 | |

**Adjusted Gross Income**

| 23 | Archer MSA deduction. Attach Form 8853 | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction (see page 29) | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid   b Recipient's SSN ▶ ▰▰▰ | 31a | |
| 32 | IRA deduction (see page 31) | 32 | |
| 33 | Student loan interest deduction (see page 33) | 33 | |
| 34 | Jury duty pay you gave to your employer | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 31a and 32 through 35 | 36 | |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** ▶ | 37 | |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 80.
DAA
Form **1040** (2006)

1

IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

VIRDIE ALLEN, et al,

      Plaintiffs,

v.                           CIVIL ACTION NO. 04-C-465

MONSANTO COMPANY, PHARMACIA CORPORATION;
AKZO NOBEL CHEMICALS, INC.; AKZO NOBEL
SERVICES, INC.; FLEXSYS AMERICA CO.; and
FLEXSYS AMERICA, L.P.,

      Defendants.

      HEARING ON MOTIONS had in the above-styled action
before the Honorable O. C. Spaulding, Judge, on Monday, the
9th day of July, 2007.

<u>APPEARANCES</u>

THE CALWELL LAW PRACTICE (Mr. Stuart Calwell and Mr. John
Skaggs, appearing), Attorneys at Law, Charleston, West
Virginia, Counsel for the Plaintiffs.

JAMES F. HUMPHREYS & ASSOCIATES, L.C. (Mr. James F. Humphreys,
Mr. Ray Lovejoy, and Mr. James Anthony McKowen, appearing),
Attorneys at Law, Charleston, West Virginia, Counsel for the
Plaintiffs.

URBAN & FALK, PLLC (Mr. Thomas F. Urban, II, Mr. James H.
Falk, Jr., and Mr. John M. Mason, appearing), Attorneys at
Law, Washington, D.C., Counsel for plaintiffs.

# THE LAW FIRM OF URBAN & FALK, PLLC

2867 S. ABINGDON STREET
ARLINGTON, VA 22206

TELEPHONE (703) 928-1600
FAX (703) 759-0859

EMAIL: URBAN_LAW@YAHOO.COM

## FACSIMILE TRANSMITTAL PAGE

TO:    Mr. James Humphreys

FROM:    Mr. James Falk

DATED:    June 29, 2007

FAX NO.: 304-347-5055

TOTAL PAGES INC. COVER:   2

RE:  Notice Letter

IF YOU HAVE ANY QUESTIONS PLEASE CALL 703-928-1600

---

**CHARLESTON, WV**
2116 KANAWHA BLVD. E
CHARLESTON, WV 25339

**WASHINGTON, DC**
P.O. BOX 18741
WASHINGTON, DC 20036

**WHEELING, WV**
1625 WOOD ST.
WHEELING, WV 26003

# THE LAW FIRM OF URBAN & FALK, PLLC

2116 KANAWHA BOULEVARD, EAST
CHARLESTON, WV 25339

TELEPHONE (703) 861-5235
FAX (703) 759-0859
EMAIL: URBAN_LAW@YAHOO.COM

June 29, 2007

VIA FACSIMILE (304-347-5055)

Mr. James F. Humphreys
Humphreys Law Firm
500 Virginia Street, East
Suite 800
Charleston, WV 25301

Dear Mr. Humphreys:

We are writing to address two issues that require your immediate attention. First, we have learned that your firm is advising callers who contact your office looking for Mr. Tom Urban that Mr. Urban is currently an associate of Mr. Tom Wilson of your firm. As you will agree, this is manifestly untrue and we request that you correct this matter immediately. Second, we have learned that Ms. Cindy Kiblinger of your firm is advising various individuals in the Charleston area that the Shaffer & Shaffer firm is filing pleadings in the Monsanto case with our firm and is involved in the case. Once again, this is manifestly untrue and we request that you correct this matter immediately. Please confirm your corrective actions in writing to us.

Notwithstanding the foregoing, we reaffirm our commitment previously communicated to you to work with your firm and the Calwell firm to fully and fairly prosecute the Monsanto case to a successful conclusion and again propose a meeting in Charleston at a mutually convenient date and time.

We look forward to your response so that we may be guided accordingly.

Sincerely,

James H. Falk, Jr.
Thomas Urban

| VIRGINIA | WASHINGTON, DC | WHEELING, WV |
|---|---|---|
| 2867 S. ABINGDON ST. | P.O. BOX 18741 | 1625 WOOD ST. |
| ARLINGTON, VA 22206 | WASHINGTON, DC 20036 | WHEELING, WV 26033 |