**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**THOMAS F. URBAN, II,**

      **Plaintiff,**

**vs.)**                             **Civil Action No. 1:07-CV-01367**

**JAMES F. HUMPHREYS;
CINDY J. KIBLINGER; and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.**

      **Defendants.**

**DEFENDANTS' MOTION FOR PROTECTIVE/CONFIDENTIALITY ORDER**

COME NOW the Defendants, James F. Humphreys, Cindy J. Kiblinger, and James F. Humphreys & Associates, L.C., with their motion for a protective/confidentiality order, stating as follows:

1. On August 22, 2007, this Court entered an order providing, in part, as follows: "It appears from a review of the record that the viability of defendants' removal action will depend upon whether or not James F. Humphreys was a citizen of the District of Columbia, within the meaning of 28 U.S.C. 1441(b), on May 7, 2007. Plaintiff may have leave to conduct discovery limited to that question (unless remand is conceded)."

2. Pursuant to an agreement of the parties, the Defendants produced the Defendant, James F. Humphreys, and his ex-wife, Donna Humphreys, with whom he resides at 1616 Kirklee Road, Charleston, West Virginia, for deposition on September 18-19, 2007, in

Charleston, West Virginia.

3.   Ostensibly, because Mr. and Ms. Humphreys have continuously resided at 1616 Kirklee Road, Charleston, West Virginia, after their divorce in 2003, counsel for the Plaintiff asked a series of intimate questions regarding the intimate relationship between Mr. and Ms. Humphreys.  D. Humphreys Depo. at 20.[1]

4.   At that point in the deposition of Ms. Humphreys, after the parties could not resolve the Defendants' objections to this line of questioning, the Defendants and the deponent recessed the deposition to make a motion to the United States District Court of the Southern District of West Virginia, pursuant to R. Civ. P. 30(d)(4), to adjourn or limit the deposition with respect to intimate questions regarding the sex lives of Mr. and Ms. Humphreys.  At the conclusion of a telephonic hearing conducted on said motion, the Honorable Mary Stanley, Magistrate Judge of the United States District Court of the Southern District of West Virginia, ruled that she believed "whether or not Mr. and Mrs. Humphreys are intimate is relevant," and that, "If Mr. Humphreys has other relationships of an intimate nature, perhaps in another city, then that would also be evidence as to whether he considers

---

[1]These questions included, "Do you and Mr. Humphreys maintain a sex life?," D. Humphreys Depo. at 20, and "Do you sleep in the same room, ma'am?," *id.* at 23.

himself to be at home in West Virginia.[2]

5.  After the deposition resumed, counsel for the Plaintiff asked Ms. Humphreys a multitude of questions regarding the most intimate details of her personal life and relationship with Mr. Humphreys, including sleeping arrangements between she and Mr. Humphreys;[3] Mr. Humphreys' other sexual relationships;[4] her own sexual relationships;[5] the contents of a draft of a letter, apparently stolen from Mr. Humphreys' private papers, to one of Mr. Humphreys' companions;[6] whether she and Mr. Humphreys "have an open arrangement about who the two of you see;"[7] the couple's discussions concerning reconciliation;[8] the reasons for the couple's divorce;[9] the amount of financial support provided by Mr.

---

[2]Hearing Tr. at 22-23.

[3]D. Humphreys Depo. at 31-32.

[4]*Id.* at 32-33; 68.

[5]*Id.* at 74.

[6]*Id.* at 34-35, 49-56.  The Defendants preserved their objection during Ms. Humphreys' deposition to the use of information apparently stolen from Mr. Humphreys' private papers.  *Id.* at 32-33.

[7]*Id.* at 48.

[8]*Id.* at 48-49.

[9]*Id.* at 50.  This testimony also involved matters concerning the deponent's private medical and mental health history, *id.* at 50-52, including such questions as, "Were you ever committed?"  *Id.* at 51.

Humphreys;[10] and the amount of her other sources of financial income.[11]

6. In addition to the foregoing questions, Ms. Humphreys was also subjected to such other questions from counsel for the Plaintiff as: "Where was that apartment? You don't need to tell me the street. It wasn't in Germany, was it?;"[12] "is English your first language, ma'am? . . . Is English your first language? A. That offends me. Q. I'm sorry to offend you. My question stands. Is English your first language?;[13] "That will do. Did you see the movie, 'Babe'? That will do;"[14] and "I understand that. Let's be realistic then. Let's not waste each other's time."[15]

7. During the videotaped[16] deposition of Mr. Humphreys, which was ordered by this Court to be for the limited purpose of determining his residency on May 7, 2007, the deponent was likewise

---

[10] *Id.* at 57-59.

[11] *Id.* at 65-66.

[12] *Id.* at 44.

[13] *Id.* at 52-53.

[14] *Id.* at 59.

[15] *Id.* at 61.

[16] Both Mr. and Ms. Humphreys' depositions were noticed as video depositions. After Ms. Humphreys objected, the Plaintiff withdrew his request to videotape her deposition, but refused to withdraw his notice to videotape Mr. Humphreys' deposition, which was conducted over the objections of the Defendants due to the limited nature of the discovery ordered by the Court.

subjected to a multitude of questions regarding his personal life
and relationships, including his medical history;[17] the contents of
a draft of a letter, apparently stolen from Mr. Humphreys' private
papers, to one of Mr. Humphreys' companions;[18] Mr. Humphreys'
companions at various social functions;[19] Mr. Humphreys' gifts to
his companions;[20] Mr. Humphreys' intimate relationships;[21] Mr.
Humphreys' knowledge of Ms. Humphreys' medical and mental health
history;[22] the contents of Mr. Humphreys' personal address book,
also apparently stolen from Mr. Humphreys' private papers;[23] Mr.

---

[17]J. Humphreys Depo. at 5-6.

[18]*Id.* at 12-13; 18-19; 119-121;   The Defendants preserved their
objection during Ms. Humphreys' deposition to the use of
information apparently stolen from Mr. Humphreys' private papers.
*Id.* at 12.

[19]*Id.* at 17-18; 20-21.

[20]*Id.* at 19; 21-22; 131-33.

[21]*Id.* at 22-23; 31-35; 85-88; 153 ("I'm going to read the names
of a number of women, and the purpose of this is I want you to tell
me whether you had a paramour relationship with those women.
Okay?") Some of these questions concerning more than twenty-five
women, whose names were apparently taken from Mr. Humphreys' stolen
private address book and to which the Defendants continually
objected, involved relationships in which Mr. Humphreys was
involved as long as twenty to thirty years ago.  *Id.* at 33; 87-88;
156; 157; 158.  Incredibly, Mr. Humphreys was also asked, over
objection, about any use of dating or escort services.  *Id.* at 148-
49; 163-66.

[22]*Id.* at 24.

[23]*Id.* at 125-19.  Again, the Defendants preserved their objection
during Mr. Humphreys' deposition to the use of information
apparently stolen from Mr. Humphreys' private papers.  *Id.* at 127.

Humphreys' religious beliefs;[24] the identity and circumstances of Mr. Humphreys' legal representation in other non-related matters;[25] the identity of Mr. Humphreys' medical providers, diagnoses, medications, and treatment;[26] and the identity of Mr. Humphreys' private e-mail accounts.[27]

8.    Despite the clarity of the Court's order, Mr. Humphreys was also asked questions, over the Defendants' objections, as to the Plaintiff's substantive claims, including when the Plaintiff's employment was terminated, whether the Plaintiff was in his office on the date of termination, whether the Plaintiff was home sick on the date of termination, how the Plaintiff was terminated, and whether other employees were terminated around the time of the Plaintiff's termination,[28] even though Plaintiff's refused to articulate how such questions had anything to do with Mr. Humphreys' residency on May 7, 2007.

9.    In addition to these depositions, the Plaintiff has served written discovery requests, seeking similar private information, regarding Mr. Humphreys' financial, insurance, tax, health, business, and other sensitive private information.

---

[24]*Id.* at 137.

[25]*Id.* at 139-42.

[26]*Id.* at 144-48.

[27]*Id.* at 148-49.

[28]*Id.* at 111-13.

10.   Consequently, following the conclusion of the deposition of Mr. Humphreys, counsel for the Defendant tendered to counsel for the Plaintiff a proposed confidentiality order that would provide with respect to the depositions as follows:

> No original or copy of any transcript, videotape, or other record, in any form, of depositions taken in this matter on the limited issue of residency, or the exhibits thereto, shall disclosed to anyone other than the parties or their attorneys; any original or copy of such transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be maintained in the offices of the attorneys for the parties; and to the extent that any transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be submitted to the Court, such transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be placed under seal.[29]

The purpose of this part of the proposed order is to protect the deponents from the unnecessary public dissemination of the extremely private information discussed herein.  The remainder of the proposed order, which is the form confidentiality order adopted in the United States District Court for the Southern District of West Virginia, addresses the procedure by which documents produced that might otherwise be the subject of unnecessary motions practice, can be exchanged pursuant to an agreement of confidentiality.

---

[29]*See* Exhibit A.

7

11.   Earlier today, counsel for the Plaintiff communicated his client's unwillingness to consent to anything other than the following order:

> No original or copy of the videotape of the deposition of James F. Humphreys shall be disclosed to anyone other than the parties or their attorneys; any original or copy of the aforementioned videotape shall be maintained in the offices of the attorneys for the parties; and to the extent that the videotaped deposition of James F. Humphreys shall be submitted to the Court, such videotape shall be placed under seal.[30]

The Defendants are not advised as to how the Plaintiff agrees that disclosure of the videotape of Mr. Humphreys' deposition is unwarranted, but the disclosure of the deposition transcripts of Mr. and Ms. Humphreys' depositions, as well as the exhibits thereto, containing the same information, are warranted.  Moreover, the Defendants are not advised as to how the parties are to address the issues that will be presented with respect to the exchange of documents on this limited issue that will raise the same and/or similar concerns.

12.   R. Civ. P. 26(c) provides:

> Upon motion by a party . . . accompanied by a certification[31] that the movant has in good

---

[30]*See* Exhibit B.

[31]The undersigned counsel for the Defendants, Ancil G. Ramey, hereby certifies that he in good faith conferred with counsel for the Plaintiff, Mark A. Smith, regarding the matters which are the subject of this motion, in order to resolve the same without Court action, but such conferral was unable to result in any resolution.

faith conferred . . . with other affected
parties in an effort to resolve the dispute
without court action, and for good cause
shown, the court . . . may make any order
which justice requires to protect a party or
person from annoyance, embarrassment,
oppression . . . including one or more of the
following . . . (2) that the . . . discovery
may be had only on specified terms and
conditions . . . ; (6) that a deposition,
being sealed, be opened only by order by the
court; (7) that . . . other confidential
research . . . or commercial information not
be revealed or be revealed only in a
designated way; and (8) that the parties
simultaneously file specified documents or
information enclosed in sealed envelopes to be
opened as directed by the court.

13.  R. Civ. P. 26(c) further provides, "The provisions of
Rule 37(a)(4) apply to the award of expenses incurred in relation
to the motion."

14.  Mr. Humphreys is a prominent West Virginia attorney,
former West Virginia state senator, former West Virginia
congressional candidate, and has announced his intentions to seek
the office of West Virginia state senator in 2008.  Ms. Humphreys
is a West Virginia attorney, former wife to Mr. Humphreys, and
resides with him in West Virginia.  Moreover, even if Mr. Humphreys
were not a public figure, any litigant compelled over his or her
objections to answer questions involving the most private and
intimate details of his or her personal life should enjoy the
protection of the extra-judicial disclosure of such information,
except after the appropriate scrutiny of the presiding judge.

15. With respect to R. Civ. P. 26(c), the Court of Appeals has noted:

> As a whole, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S. Ct. 1584, 1597, 140 L. Ed. 2d 759 (1998). And "[i]t is appropriate for the court, in exercising its discretion..., to undertake some substantive balancing of interests...." *Laxalt v. McClatchy*, 809 F.2d 885, 890 (D.C. Cir. 1987); *see United States v. Microsoft Corp.*, 165 F.3d 952, 960 (D.C. Cir. 1999)(holding that Rule 26(c)'s " `good cause' standard ... is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case"). In particular, "[a]lthough [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21, 104 S. Ct. 2199, 2208 n. 21, 81 L. Ed. 2d 17 (1984). Hence, in exercising their discretion under the rule, courts have long "recognized that interests in privacy may call for a measure of extra protection," even where the information sought is not privileged. Fed. R. Civ. P. 26(b) advisory committee's note (1970)(referring to income tax returns, which are "generally held not privileged"); *see Pearson*, 211 F.3d at 72 (holding that "[l]egitimate interests in privacy are among the proper subjects of" Rule 26(c)'s protection).[32]

Obviously, as discussed herein, the contents of the depositions involve very "legitimate interests in privacy" that R. Civ. P. 26(c) was designed to protect, including private medical, mental

---

[32] *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. (2004).

health, financial, and other information of a highly personal and private nature, including the personal and private information of non-parties.[33]

16.  With respect to protective orders in another context, this Court has sagely observed, "The protective order facilitates counsel's access to their detainee clients with an eye to protecting national security interests. Am. Prot. Order ¶ 2. It sets forth procedures for all contact between detainees and their counsel, as well as rules governing counsel's exposure to classified information."[34]  Likewise, in the instant case, the proposed protective/confidentiality order proposed by the Defendants will strike an appropriate balance between the Plaintiff's interests in securing limited discovery related to the issue of Mr. Humphreys' residency and the legitimate privacy

---

[33]Not only did the Plaintiff inquire regarding the personal and private information of Ms. Humphreys, a non-party, he also inquired of other acquaintances of Mr. Humphreys who are also non-parties.

[34]*Hicks v. Bush*, 452 F. Supp. 2d 88, 94-95 (D.D.C. 2006); *see also Saleh v. Titan Corp.*, 436 F. Supp. 2d 55, 30 (D.D.C. 2006)(referencing protective order); *United States v. Gemstar-TV Guide Intern., Inc.*, 2003 WL 21799949 at *1 (D.D.C)(referencing protective order).

interests of Mr. Humphreys, Ms. Humphreys, and other non-parties,[35] as well as avoid unnecessary motions practice.

17.  The Rules of Civil Procedure expressly recognize the legitimate interests of both parties and non-parties to be free from "annoyance, embarrassment, [and] oppression."  The Rules provide procedural mechanisms for the protection of such interests through confidentiality and protective orders, including orders sealing depositions and restricting the dissemination of documents outside the parties, their attorneys, and those directly involved, such as expert witness, paralegals, and others, in the litigation process.

18.  The Defendants respectfully submit that they have more than satisfied the "good cause" standard, particularly where only limited discovery is involved, for the Order tendered in conjunction with this motion.

WHEREFORE, the Defendants, James F. Humphreys; Cindy J. Kiblinger; and James F. Humphreys & Associates, L.C., respectfully request entry of the proposed Protective/Confidentiality Order in the above-referenced matter.

---

[35]Other courts have recognized the propriety of protective orders when sensitive and private information of non-parties are involved. *See Flaherty v. Seroussi*, 209 F.R.D. 300 (N.D. N.Y. 2002)(protective order was warranted to protect disclosure of medical, educational, and other inherently private information concerning city employees who were non-parties).

**JAMES F. HUMPHREYS; CINDY J. KIBLINGER; and JAMES F. HUMPHREYS & ASSOCIATES, L.C.**

**By Counsel**

|  |  |
|---|---|
|  | /s/ Russell D. Jessee |
|  | Russell D. Jessee, Esq. |
|  | DCB No. 468844 |
| STEPTOE & JOHNSON, PLLC | Chase Tower, Eighth Floor |
|  | P.O. Box 1588 |
|  | Charleston, WV 25326-1588 |
|  | Telephone (304) 353-8112 |
|  | Facsimile (304) 353-8180 |

|  |  |
|---|---|
|  | /s/ Ancil G. Ramey |
|  | Ancil G. Ramey, Esq. |
|  | WVSB No. 3013 – Pro Hac Vice |
| STEPTOE & JOHNSON, PLLC | Chase Tower, Eighth Floor |
|  | P.O. Box 1588 |
|  | Charleston, WV 25326-1588 |
|  | Telephone (304) 353-8112 |
|  | Facsimile (304) 353-8180 |

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THOMAS F. URBAN, II,

      Plaintiff,

vs.)                    Civil Action No. 1:07-CV-01367

JAMES F. HUMPHREYS;
CINDY J. KIBLINGER; and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.

      Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on September 24, 2007, I filed the foregoing **"DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO REMAND"** using the CM/ECF system and the Clerk of the Court will notify the following by electronic mail:

Mark A. Smith, Esq.
Law Office of Mark A. Smith, LLC.
1785 Massachusetts NW
Suite 100
Washington, DC 20036
*Counsel for Plaintiff*

/s/ Russell D. Jessee
Russell D. Jesse, Esq.
DC Bar No. 468844

/s/ Ancil G. Ramey
Ancil G. Ramey, Esq.
WV Bar No. 3013 – Pro Hac Vice

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS F. URBAN, II,

      Plaintiff,

vs.)                     Civil Action No. 1:07-CV-01367 JR

JAMES F. HUMPHREYS;
CINDY J. KIBLINGER; and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.

      Defendants.

## PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby ORDERED as follows:

1.  No original or copy of any transcript, videotape, or other record, in any form, of depositions taken in this matter on the limited issue of residency, or the exhibits thereto, shall disclosed to anyone other than the parties or their attorneys; any original or copy of such transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be maintained in the offices of the attorneys for the parties; and to the extent that any transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be submitted to the Court, such transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be placed under seal.

2.    With respect to all other documents and materials, if a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "CONFIDENTIAL."

3.    If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "CONFIDENTIAL" designation shall do so by filing an appropriate motion.

4.    No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL," or the contents thereof, except in accordance with this Protective Order.

5.    Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of

any document or other material which is marked "CONFIDENTIAL," or the contents thereof, as evidence at trial, or at any deposition taken in this action. The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures at trial and at depositions to protect the confidentiality of any document or other material which is marked "CONFIDENTIAL," or the contents thereof. Such measures may include filing a motion requesting the court to seal a document or a portion thereof. The parties and attorneys shall not file documents under seal.

6.    If a party or attorney wishes to disclose any document or other material which is marked "CONFIDENTIAL," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

a.    Provide a copy of this Protective Order to the person to whom disclosure is made;

b.    Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

c.    Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

d.    Instruct the person to whom disclosure is made to return any document or other material which is marked "CONFIDENTIAL," at the conclusion of the case, including notes or memoranda made from "CONFIDENTIAL" material;

e.    Maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" materials which were disclosed to that person;

      f.    At the conclusion of the action, gather the "CONFIDENTIAL" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

ENTER:

_____

      JAMES ROBERTSON
United States District Judge

Agreed to by:


_____    _____
Mark A. Smith, Esq.                Ancil G. Ramey, Esq.
DCB No. 439116                     WV State Bar No. 3013
*Counsel for Plaintiff*        *Pro Hac Vice Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS F. URBAN, II,

      Plaintiff,

vs.)           Civil Action No. 1:07-CV-01367 JR

JAMES F. HUMPHREYS;
CINDY J. KIBLINGER; and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.

      Defendants.

### PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby ORDERED as follows:

1. No original or copy of the videotape of the deposition of James F. Humphreys shall be disclosed to anyone other than the parties or their attorneys; any original or copy of the aforementioned videotape shall be maintained in the offices of the attorneys for the parties; and to the extent that the videotaped deposition of James F. Humphreys shall be submitted to the Court, such videotape shall be placed under seal.

    ENTER:

                            _____
                              JAMES ROBERTSON

                                    United States District Judge

Agreed to by:


_____          _____
Mark A. Smith, Esq.                  Ancil G. Ramey, Esq.
DCB No. 439116                       WV State Bar No. 3013
*Counsel for Plaintiff*              *Pro Hac Vice Counsel for*
                                     *Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THOMAS F. URBAN, II,

      Plaintiff,

vs.)                    Civil Action No. 1:07-CV-01367 JR

JAMES F. HUMPHREYS;
CINDY J. KIBLINGER; and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.

      Defendants.

**PROTECTIVE/CONFIDENTIALITY ORDER**

Upon motion by the Defendants, pursuant to R. Civ. P. 26(c) for a protective/confidentiality order in this proceeding, it is hereby ORDERED as follows:

1.  No original or copy of any transcript, videotape, or other record, in any form, of depositions taken in this matter on the limited issue of residency, or the exhibits thereto, shall disclosed to anyone other than the parties or their attorneys; any original or copy of such transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be maintained in the offices of the attorneys for the parties; and to the extent that any transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be submitted to the Court, such transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be placed under seal.

2.   With respect to all other documents and materials, if a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "CONFIDENTIAL."

3.   If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "CONFIDENTIAL" designation shall do so by filing an appropriate motion.

4.   No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL," or the contents thereof, except in accordance with this Protective Order.

5.   Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of

any document or other material which is marked "CONFIDENTIAL," or the contents thereof, as evidence at trial, or at any deposition taken in this action. The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures at trial and at depositions to protect the confidentiality of any document or other material which is marked "CONFIDENTIAL," or the contents thereof. Such measures may include filing a motion requesting the court to seal a document or a portion thereof. The parties and attorneys shall not file documents under seal.

6.    If a party or attorney wishes to disclose any document or other material which is marked "CONFIDENTIAL," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

a.    Provide a copy of this Protective Order to the person to whom disclosure is made;

b.    Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

c.    Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

d.    Instruct the person to whom disclosure is made to return any document or other material which is marked "CONFIDENTIAL," at the conclusion of the case, including notes or memoranda made from "CONFIDENTIAL" material;

e.    Maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" materials which were disclosed to that person;

f.   At the conclusion of the action, gather the "CONFIDENTIAL" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

ENTER:

_____

JAMES ROBERTSON
United States District Judge