IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS F. URBAN, II,

   Plaintiff,

vs.)           Civil Action No. 1:07-CV-01367 JR

JAMES F. HUMPHREYS;
CINDY J. KIBLINGER; and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.

   Defendants.

### PROTECTIVE/CONFIDENTIALITY ORDER

Upon motion by the Defendants, pursuant to R. Civ. P. 26(c) for a protective/confidentiality order in this proceeding, it is hereby ORDERED as follows:

1. No original or copy of any transcript, videotape, or other record, in any form, of depositions taken in this matter on the limited issue of residency, or the exhibits thereto, shall disclosed to anyone other than the parties or their attorneys; any original or copy of such transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be maintained in the offices of the attorneys for the parties; and to the extent that any transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be submitted to the Court, such transcript, videotape, or other record, in any form, of depositions taken on the limited issue of residency, shall be placed under seal.

2.    With respect to all other documents and materials, if a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "CONFIDENTIAL."

3.    If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "CONFIDENTIAL" designation shall do so by filing an appropriate motion.

4.    No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL," or the contents thereof, except in accordance with this Protective Order.

5.    Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of

any document or other material which is marked "CONFIDENTIAL," or the contents thereof, as evidence at trial, or at any deposition taken in this action. The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures at trial and at depositions to protect the confidentiality of any document or other material which is marked "CONFIDENTIAL," or the contents thereof. Such measures may include filing a motion requesting the court to seal a document or a portion thereof. The parties and attorneys shall not file documents under seal.

6.    If a party or attorney wishes to disclose any document or other material which is marked "CONFIDENTIAL," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

a.    Provide a copy of this Protective Order to the person to whom disclosure is made;

b.    Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

c.    Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

d.    Instruct the person to whom disclosure is made to return any document or other material which is marked "CONFIDENTIAL," at the conclusion of the case, including notes or memoranda made from "CONFIDENTIAL" material;

e.    Maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" materials which were disclosed to that person;

       f.   At the conclusion of the action, gather the "CONFIDENTIAL" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

ENTER:

_____
        JAMES ROBERTSON
   United States District Judge