IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**RECEIVED**

**SEP 2 5 2007**

**Judge Robertson**

THOMAS F. URBAN, II,

      Plaintiff,

v.

JAMES F. HUMPHREYS,
CINDY J. KIBLINGER, and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.,

      Defendants.

Case No. 2:07-mc-~~00082~~
(D.D.C. No. 1:07-cv-01367-JR)

*let this be filed
Mahal*

## O R D E R

This is an ancillary proceeding to a civil action originally filed in the Superior Court of the District of Columbia, and removed to the United States District Court for the District of Columbia. Plaintiff alleges that Defendants are liable to him for breach of contract and other claims relating to his employment as an attorney in Defendants' Washington, D.C. office.

Pending before the court is an oral motion by non-party Donna Humphreys, in which defendant James F. Humphreys joins, pursuant to Fed. R. Civ. P. 30(d)(4), to terminate the deposition of Ms. Humphreys. On September 18, 2007, the parties contacted the court by telephone during the deposition of Ms. Humphreys, seeking a ruling on the motion. Whereupon, the court conducted a telephonic

1

hearing on the motion in which counsel for Plaintiff (Mark A. Smith, Esq.), counsel for Defendants (Ancil G. Ramey, Esq.), and Donna Humphreys participated. The court noted the absence of Donna Humphreys' counsel, Timothy N. Barber, Esq., who left the deposition in order to attend a hearing before Judge Recht in Wheeling.

The undersigned reviewed the District of Columbia's docket sheet for this case, and counsel confirmed that the purpose of the present discovery is to develop facts concerning the residency of defendant James Humphreys. Despite the 2003 divorce of James and Donna Humphreys, James Humphreys asserts that he resides with Donna Humphreys, and that he is a resident of West Virginia. Defendants removed the case from the Superior Court based on diversity of citizenship.

During an early part of the deposition, Mr. Barber instructed Donna Humphreys not to answer questions relating to the circumstances of James Humphreys' living arrangements in Charleston, West Virginia with her. Upon being advised of Mr. Barber's having left the deposition, the court instructed Donna Humphreys on the possibility of a conflict of interest as between herself and James Humphreys, and offered Donna Humphreys a continuance of the deposition. Ms. Humphreys declined the offer and advised the court of her desire that Mr. Ramey represent her at the deposition.

The attorneys discussed with the court the scope of questioning of Donna Humphreys concerning her knowledge of the living arrangements of James Humphreys and matters relating to determination of his residency.

The court finds, given the unusual circumstances before the court, that the examination of Donna Humphreys by Mr. Smith was not conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent. *Fed. R. Civ. Pro. 30(d)(4)*. Moreover, the court finds that Mr. Barber's instructions to the witness not to answer Mr. Smith's questions were not substantially justified. *Fed. R. Civ. Pro. 37(a)(4)*. Accordingly, it is hereby **ORDERED** that the motion to terminate Donna Humphreys' deposition is **DENIED**.

The Clerk is requested to provide a copy of this Order to all counsel of record in the District of Columbia case, the Hon. James Robertson, and Mr. Timothy N. Barber.

ENTER: September 20, 2007

*Mary E. Stanley*

Mary E. Stanley
United States Magistrate Judge

3