IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THOMAS F. URBAN II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No: 1:07-cv-01367 |
| v. | ) | Judge James Robertson |
| | ) | |
| | ) | |
| JAMES F. HUMPHREYS, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO
DEFENDANTS' RESPONSE TO MOTION TO CONTINUE STATUS HEARING**

Plaintiff Thomas F. Urban II ("Urban") hereby, through undersigned counsel, respectfully replies to Defendants' request that "their proposed Confidentiality/Protective Order or some Confidentiality/Protective Order be entered on an interim basis." Plaintiff has not had an adequate amount of time, as allowed under the Local Rules, to respond to Defendants' Motion for a Protective Order. Moreover, Defendant Humphreys, the person who is primarily seeking this Protective Order, is by his own admission, a public figure, who, by placing himself in the political arena, does not have the same right to privacy as non-public figures. Moreover, Defendants' are exaggerating the sensitivity of the information in the deposition.

If Mr. Humphreys is not domiciled in West Virginia, as Plaintiff contends, the government and people of West Virginia, the government of the District of Columbia, and the Federal government have a right to know about it. Furthermore, the deposition would never have required any questioning about the nature of the relationship between Mr. Humphreys and

his ex-wife, or other paramours—which Magistrate Stanley recognized was acceptable under the circumstances of the situation—if Plaintiff was not presented with the facially suspect representation that Mr. Humphreys has continued to live with his ex-wife since divorcing her in July of 2003.

The Motion for Protective Order that Defendants have propounded is overbroad. The chief information, and many of the documents, that Mr. Humphreys seeks to have declared "Confidential" and thus protected from further disclosure is information and documents that were in Plaintiff's possession prior to being disclosed or discussed in discovery by Humphreys or his ex-wife.[1] It is well-established that it is improper for a Court to enter an order for protection prohibiting the dissemination of information or documents obtained through means other than discovery in the pending proceeding. Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1080-81 (9th Cir. 1988); Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940, 942-43 (2d Cir. 1983) ("the prohibition on disclosure of the prediscovery documents constitute[s] a prior restraint on free speech and [is] not authorized by the discovery rules"); Tavoulareas v. Washington Post Co., 111 F.R.D. 653, 662 (D.D.C. 1986) ("party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes") (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 104 S.Ct. 2199, 2208 (1984)).

Finally, it seems fundamentally inequitable for Mr. Humphreys to ask for a Protective Order after he and his counsel in another matter have repeatedly and unnecessarily made false public announcements in open Court that Plaintiff Urban was fired for

---

[1] It is also important to note that none of the documents were obtained through illegal conduct. Defendant Humphreys's allegation that the documents were pilfered is false and cannot be substantiated for that reason.

"incompetence."[2] Furthermore, Humphreys has filed several public pleadings in this case accusing Plaintiff Urban of sexual harassment, an issue that is not relevant to Plaintiff's breach of contract action. Humphreys has further maligned Plaintiff Urban by calling the Dean of the George Washington Law School, residents of Charleston, West Virginia, and, ostensibly, other potential employers of Urban and made false and disparaging comments about Urban. Counsel for Plaintiff agreed, before the deposition, sans Court intervention, to allow the videotape of Mr. Humphreys's deposition to be accorded confidential status. That was a conciliatory gesture of good faith and civility; what Defendant Humphreys now seeks is undue privilege, which Plaintiff opposes. Litigation is inherently a risky and uncomfortable process. Plaintiff is willing to proceed in the litigation without such comforting measures as a confidentiality/protective order. Neither Mr. Humphreys, nor his ex-wife—who will be shown to have conspired with him in the deception that Mr. Humphreys seeks to perpetrate on this Court—should be insulated by this Court from the fair and natural consequences of their own chicanery.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully renews his requests that this Court continue the status hearing in this matter and deny Defendants' request for an "interim Confidentiality/Protective Order."

DATED this 27th day of September, 2007.

---

[2] In one such incident, counsel for Mr. Humphreys in the other matter, who was counsel Mr. Humphreys's ex-wife in her deposition in the instant case, was told to "sit down and shut up" by the Court, who accused Humphreys's counsel of unnecessarily "pouring gasoline onto a fire." The allegations that Urban was fired for either incompetence or alleged sexual harassment are false.

        Respectfully submitted,

        _____/s/_____
        Mark A. Smith
        Law Office of Mark A. Smith, LLC
        D.C. Bar No. 439116
        1785 Massachusetts Avenue, N.W.,
        Suite 100
        Washington, D.C. 20006
        (202) 776-0022
        (202) 756-7516 (facsimile)

        Attorney for Plaintiff