IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS F. URBAN II,                    )<br>)<br>                      Plaintiff,    )<br>)<br>v.                                                           )<br>)<br>)<br>JAMES F. HUMPHREYS,             )<br>           et al.                                  )<br>)<br>                     Defendants.    )<br>) | Civil Action No: 1:07-cv-01367<br>Judge James Robertson |

## Opposition to Defendants' Motion for Protective/Confidentiality Order

Plaintiff Thomas F. Urban, through undersigned Counsel, hereby respectfully submits this Opposition to Defendants' Motion for Protective/Confidentiality Order. Plaintiff opposes this Motion on three separate grounds: (1) Defendants had already verbally agreed to a protective order only covering the videotape of the deposition of Defendant James Humphreys and now seeks to unilaterally alter that agreement; 2) Defendant Humphreys is a public figure who has voluntarily entered the political arena and is not entitled to deprive the public of the information proving that he is a resident of the District of Columbia and not the State of West Virginia; and 3) the conduct of Defendant Humphreys since the initiation of this lawsuitm, by defaming Plaintiff and interfering with Plaintiff's potential employment and joint ventures, does not provide an equitable basis for Mr. Humphreys to seek this type of an Order. To the extent that this Court considers Defendant entitled to any degree of protection, Plaintiff requests that such protection be appropriately limited.

## BACKGROUND

After this Court ordered discovery regarding the viability of Defendants' removal action, Plaintiff noticed the depositions of Defendant James F. Humphreys and his ex-wife, Ms. Donna Humphreys, with whom he alleges that he still lives, despite the fact that they have been divorced since July 2003. Initially, the parties agreed to conduct the deposition of James Humphreys in the District of Columbia. Plaintiff initially tried to schedule Mrs. Humphreys's deposition by consent, but she refused. Plaintiff then attempted to subpoena Ms. Humphreys for a deposition scheduled for September 18, 2007, but she, reportedly, actively evaded service and was never actually served. Circumstances, however, arose that interfered with the availability of counsel for Mr. Humphreys on that date. Plaintiff's counsel and counsel for Mr. Humphreys worked out an arrangement to adjust to the situation. Although service on the former Mrs. Humphreys was never effectuated, counsel for Mr. Humphreys agreed to produce both Mr. Humphreys and the former Mrs. Humphreys on the 18th of September, but only in Charleston, West Virginia. Counsel also agreed that the deposition of Mr. Humphreys would, if necessary, continue into September 19, 2007.

Initially, Plaintiff noticed the deposition of both of the Humphreys to be videotaped. At the request of Defense Counsel, Plaintiff's Counsel agreed to forego videotaping the deposition of Ms. Humphreys he also acquiesced to Defense counsels request that the videotape of Mr. Humphreys's deposition be deemed confidential.

During her deposition, Ms. Humphreys refused to answer numerous, relevant questions regarding her relationship with her ex-husband. Counsel for Ms. Humphreys repeatedly instructed her not to answer questions that were appropriate under the Rules of Civil Procedure. Respective Counsel for the Humphreys sought intervention of the local West

2

Virginia federal court to deprive Plaintiffs of this relevant discovery. Ultimately, Magistrate Judge Mary Stanley of the U.S. District Court for the Southern District of West Virginia held a telephonic hearing and resolved this issue in favor of disclosure and the Deposition of Ms. Humphreys continued. Counsel for the Defendants had every opportunity to ask Magistrate Judge Stanley for a Protective/Confidentiality Order concerning the deposition testimony and exhibits, but failed to do so. It was only several hours after the second day of Mr. Humphreys's deposition that Defense Counsel first requested a protective order broader than the one to which the parties originally agreed.

## ARGUMENT

As described above, Defendants initially agreed to a protective order limited to prohibiting the use of the videotape of Mr. Humphreys outside of this litigation. Defense counsel did not agree to protect any of the testimony that may be elicited during the deposition. The protective order regarding Mr. Humphreys's videotape was negotiated as part of a series of negotiations in which each side conceded something. Now, Defendants want to have the Court unilaterally alter that agreement. .

Defendant Humphreys, the person who is primarily seeking this Protective Order, is by his own admission, a public figure who by placing himself in the political arena does not have the same right to privacy as non-public figures. Moreover, it is enormously hypocritical for Mr. Humphreys to ask for a Protective Order after he and his counsel in another matter have repeatedly and unnecessarily made public announcements in open Court that Plaintiff Urban was fired for "incompetence"[1] and Mr. Humphreys has filed several public pleadings in this case

---

[1] In one such incident, counsel for Mr. Humphreys in this other matter, who later was counsel for Mrs. Humphreys in her deposition, was told to "sit down and shut up" by the Court, who accused Humphreys's counsel of unnecessarily "pouring gasoline onto a fire." The allegations that Urban was fired for either incompetence or alleged sexual harassment are absolutely untrue.

3

accusing Plaintiff of sexual harassment, an issue that is not relevant to Plaintiff's breach of contract action. Mr. Humphreys has further maligned Plaintiff by calling the Dean of the George Washington Law School, residents of Charleston, West Virginia, and possibly other potential employers of Urban and has made untrue and disparaging statements about Urban.

Much of the material and information that Humphreys seeks to have declared confidential—the exhibits including his address book, a draft letter to his paramour, and information about his attempts to purchase a $2.8 million home in the District—are not eligible to be covered by any protective order in this case, as they were in the possession of Plaintiff prior to any discovery in the case. Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1080-81 (9th Cir. 1988); Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940, 942-43 (2d Cir. 1983) ("the prohibition on disclosure of the prediscovery documents constitute[s] a prior restraint on free speech and [is] not authorized by the discovery rules"); Tavoulareas v. Washington Post Co., 111 F.R.D. 653, 662 (D.D.C. 1986) ("party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes") (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 104 S.Ct. 2199, 2208 (1984)). To the extent that this Court would be inclined to issue any degree of protection in this case for discovery derived from Defendants, Plaintiff respectfully request that it be substantially limited to avoid evisceration of the First Amendment rights referenced above.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendants' request for the restrictive "Protective/Confidentiality Order" that they propose.

DATED this 4th day of October, 2007.

                                       Respectfully submitted,

                                       _____/s/_____
                                       Mark A. Smith
                                       Law Office of Mark A. Smith, LLC
                                       D.C. Bar No. 439116
                                       1785 Massachusetts Avenue, N.W., Suite 100
                                       Washington, D.C. 20006
                                       (202) 776-0022
                                       (202) 756-7516 (facsimile)

                                       Attorney for Plaintiff

**Certificate of Service**

      I hereby certify that on October 4, 2007, the foregoing, <u>Opposition to Defendants' Motion for Protective/Confidentiality Order</u>, is being filed with the Court using the CM/ECF system, and the Clerk of the Court will notify by electronic mail Russell D. Jessee, Esq. and Ancil G. Ramey, Esq., Steptoe & Johnson, PLLC, at their respective e-mail addresses, counsel for defendants James F. Humphreys, Cindy J. Kiblinger and James F. Humphreys & Associates, L.C.

                                      /s/ Mark A. Smith
                                      Mark A. Smith
                                      Attorney for Plaintiff, Thomas F. Urban, II