IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS F. URBAN, II,

      Plaintiff,

vs.)                           Civil Action No. 1:07-CV-01367

JAMES F. HUMPHREYS;
CINDY J. KIBLINGER; and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.

      Defendants.

**REPLY TO THE PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR PROTECTIVE/CONFIDENTIALITY ORDER**

COME NOW the Defendants, James F. Humphreys, Cindy J. Kiblinger, and James F. Humphreys & Associates, L.C., with their reply to the opposition of the Plaintiff, Thomas F. Urban, II, to the Defendants' motion for a protective/confidentiality order, stating as follows:

1.    Pursuant to this Court's limited discovery order, the Defendants facilitated the Plaintiff's request for the depositions of the Defendant, James F. Humphreys, and his former wife, Donna Humphreys. The Defendants objected to the videotaping of these depositions[1] and, eventually, the Plaintiff agreed not to videotape the deposition of Ms. Humphreys, but insisted on videotaping the deposition of Mr. Humphreys. The Defendants also objected to any public dissemination of the deposition transcripts and exhibits.

---

[1]The Plaintiff never articulated why videotaping of either deposition was warranted in light of the limited nature of the discovery being undertaken.

As an alternative to the filing of a motion for a protective order by the Defendants on these issues, the Plaintiff's counsel agreed that the videotape of Mr. Humphreys' deposition would not leave his possession and that the deposition transcripts and exhibits would not be disclosed outside the litigation as was no legitimate reason for such disclosure.[2]  Based upon these representations of counsel, Mr. and Ms. Humphreys were produced for deposition.   There was never any agreement that a protective order would be limited to sealing the videotape.   To the contrary, there was a specific agreement that neither the transcripts nor the exhibits would be disclosed outside the litigation, but would be kept confidential.

2.    Immediately following   the   depositions,   a   proposed Protective/Confidentiality   Order   was   tendered,   in   person,   to Plaintiff's   counsel.       Moreover,   Defendants'   counsel   sent Plaintiff's counsel an e-mail the following morning, September 19, 2007, with a copy of the Order in Word format, stating as follows: "Dear Mark:  As per your request, please find enclosed a copy of the   draft   confidentiality   order   in   Word   format,   for   your convenience   in   filing   with   the   District   Court.    You   have   my permission   to   affix   my   signature   either   by   handwriting   or electronically to this order.   Thanks."   At that point, it was anticipated that the Order would be tendered, as agreed, to the

---

[2]Although Plaintiff has now renounced this position, no legitimate reason for the public disclosure of the private, intimate, and sensitive information elicited has been articulated.

Court.    The first paragraph of the Order merely sealed the deposition videotape, transcripts, and exhibits, and the remainder of the Order was taken verbatim from the form confidentiality/protective order adopted by the United States District Court for the Southern District of West Virginia.  Five days later, however, Plaintiff's counsel informed Defendants' counsel, that the Plaintiff would not agree to any order doing anything beyond sealing the videotape, forcing the Defendants to file their motion pursuant to R. Civ. P. 26(c).

3.    It is surprising that the Plaintiff essentially admits that under the guise of Mr. Humphreys' status as a "public figure"[3] and the "First Amendment,"[4] he intends to publicly disclose the private, intimate, and sensitive information elicited during the depositions because "by placing himself in the political arena," Mr. Humphreys "does not have the same right to privacy as non-public figures."[5]   Moreover, even though Ms. Humphreys and other non-parties whose lives are discussed in the depositions are not public figures, the Plaintiff defends his apparent intention to publicly disseminate this information under the theory that, "Litigation is inherently a risky and uncomfortable process. . . . Neither Mr. Humphreys, nor his ex-wife – who will be shown to have

---

[3]Opposition at 3.

[4]*Id.* at 4.

[5]Plaintiff's Reply to Defendant's Response to Motion to Continue Status Hearing at 1.

conspired with him in the deception that Mr. Humphreys seeks to perpetrate on this Court – should be insulated by this Court from the fair and natural consequences of their own chicanery."[6] Respectfully, it is not the purpose of courts to facilitate the extraction of tribute from public figures under the threat of exposure of their private lives.[7]   Moreover, the Defendants instituted no "litigation;" rather, it was the Plaintiff who filed suit in Superior Court and the Defendants merely exercised their right of removal as non-residents.   No "chicanery" was involved. Certainly, the Plaintiff has the right to test the Defendants' assertion of non-residency, but that right does not include tactics designed to annoy, embarrass, and oppress parties, deponents, and non-parties.[8]

---

[6]*Id.* at 3.

[7]Additionally, without any legal support, the Plaintiff makes the argument that because there have been statements that the Plaintiff is "incompetent" or engaged in "sexual harassment" while employed by the Defendant firm, he has the right to make public the private, intimate, and sensitive information elicited during limited discovery on the issue of residency.  Of course, with respect to the former, such would be a protected expression of opinion, *see Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990), and with respect to the latter, which is well-documented, truth is an absolute defense, *see The Florida Star v. B.J.F.*, 491 U.S. 524 (1989)(except when narrowly tailored to a state interest of the highest order).  In any event, the Plaintiff cites no *quid pro quo* exception to Rule 26(c) and the Defendants are aware of none.

[8]It was for that reason that the Defendants and Ms. Humphreys sought the court's protection, either to terminate or limit the deposition of Ms. Humphreys, under R. Civ. P. 30(d)(4) which provides, "At any time during a deposition . . . and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent

4.    Finally,    the    Plaintiff    opposes    an    order    of

confidentiality and protection alleging that some of the exhibits

used during the subject depositions "are not eligible to be covered

by any protective order . . . as they were in the possession of

Plaintiff prior to any discovery in this case."[9]  As noted in the

affidavit filed with this Court, however, these exhibits were taken

from the private papers of Mr. Humphreys without his knowledge and

authorization.    None of the cases relied upon by the Plaintiff

involved stolen documents or information.

5.    It is well-recognized that courts necessarily have the

inherent  equitable  power  over  their  own  processes  "to  prevent

abuses, oppression and injustices."[10]  A court must have the ability

to  deal  with  a  party  seeking  to  use  illegally  or  improperly

obtained evidence in order to prevent the party from benefitting

from his or her wrongdoing: "Suppose a plaintiff burglarized a

defendant's premises and secured privileged documents. Could one

seriously contend that a court could not prohibit the use of those

documents in the proceeding before it simply because the documents

---

or party, the court . . . may order the officer conducting the
examination to cease forthwith . . . or may limit the scope and
manner of the taking of the deposition as provided in Rule 26(c)."

   [9]Opinion at 4.

   [10]*Gumbel v. Pitkin*, 124 U.S. 131, 144 (1888); *see International
Products Corp. v. Koons*, 325 F.2d 403, 407-08 (2d Cir. 1963); *Smith
v. Armour Pharmaceutical Co.*, 838 F. Supp. 1573, 1578 (S.D. Fla.
1993); *Schlaifer Nance & Co. v. Estate of Warhol*, 742 F. Supp. 165,
166 (S.D.N.Y. 1990).

were not obtained through the court's discovery process?"[11]
Consequently, even where challenged documents are obtained outside
the discovery process, courts have the inherent authority to
sanction a party who attempts to use material improperly obtained.[12]
In this case, the Plaintiff admits that the subject documents "were
in the possession of the Plaintiff prior to any discovery in this
case,"[13] but never explains how they allegedly came into his
possession.[14]  At this point, the only evidence before the Court on
the point is the affidavit offered by the Defendants and, in the
absence of any countervailing affidavit by the Plaintiff, the
Defendants submit that the exercise of this Court's inherent

---

[11]*Smith, supra* at 1578.

[12]*See United States v. Aguilar*, 515 U.S. 593 (1995)(federal judge
did not have First Amendment right to improperly disclose
information to the subject of a wiretap); *Seattle Times Co. v.
Rinehart*, 467 U.S. 20 (1984)(a protective order pursuant to a state
law patterned after Rule 26(c) does not offend the First
Amendment); *Boehner v. McDermott*, 484 F.3d 573 (D.C. Cir.
2007)(Congressman did not have First Amendment right to disclose a
tape of a telephone conversation that was illegally obtained); *see
also Adams v. Shell Oil Co.*, 143 F.R.D. 105, 109 (E.D. La. 1992).

[13]Opposition at 4.  The Defendants note that they were not aware
that these documents were missing or had been copied until
confronted with them during the depositions, and/or until they were
presented as exhibits to the Plaintiff's pleadings.

[14]The Defendants wonder why any employee would believe that he or
she was entitled to either take or make a copy of (1) a handwritten
draft of a private letter from a supervisor to a third-party; (2)
a year-old version of a supervisor's private telephone directory;
and (3) a supervisor's private letter to a third-party regarding
the failed purchase of a home.  The Defendants also wonder what
other documents the Plaintiff may have in his possession that were
wrongfully removed from Mr. Humphreys' private papers.

authority is appropriate.[15]

6.    With respect to the other aspects of the Defendants'
motion for a protective and confidentiality order, R. Civ. P. 26(c)
provides:

> Upon motion by a party . . . accompanied by a
> certification that the movant has in good faith conferred
> . . . with other affected parties in an effort to resolve
> the dispute without court action, and for good cause
> shown, the court . . . may make any order which justice
> requires to protect a party or person from annoyance,
> embarrassment, oppression . . . including one or more of
> the following . . . (2) that the . . . discovery may be
> had only on specified terms and conditions . . . ; (6)
> that a deposition, being sealed, be opened only by order
> by the court; (7) that . . . other confidential research
> . . . or commercial information not     be revealed or
> be revealed only in a designated way; and (8) that the
> parties  simultaneously  file  specified  documents  or
> information enclosed in sealed envelopes to be opened as
> directed by the court.

7.    With respect to R. Civ. P. 26(c), the Court of Appeals
has noted:

> As a whole, "Rule 26 vests the trial judge with broad
> discretion to tailor discovery narrowly." *Crawford-El v.
> Britton*, 523 U.S. 574, 598, 118 S. Ct. 1584, 1597, 140 L.
> Ed. 2d 759 (1998). And "[i]t is appropriate for the
> court, in exercising its discretion..., to undertake some
> substantive  balancing  of  interests...."  *Laxalt  v.
> McClatchy*, 809 F.2d 885, 890 (D.C. Cir. 1987); *see United
> States v. Microsoft Corp.*, 165 F.3d 952, 960 (D.C. Cir.
> 1999)(holding that Rule 26(c)'s " `good cause' standard
> ... is a flexible one that requires an individualized
> balancing of the many interests that may be present in a

---

[15]Alternatively, this Court has the inherent authority to strike
these documents as irrelevant, or because any limited relevancy is
outweighed by their undue prejudice.    Merely because a party
secured documents outside the discovery process does not give that
party carte blanche to place such documents in the record for
improper purposes.    Rule 26(c) affords the Court the power to
address such abuses.

particular case"). In particular, "[a]lthough [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21, 104 S. Ct. 2199, 2208 n. 21, 81 L. Ed. 2d 17 (1984). Hence, in exercising their discretion under the rule, courts have long "recognized that interests in privacy may call for a measure of extra protection," even where the information sought is not privileged. Fed. R. Civ. P. 26(b) advisory committee's note (1970)(referring to income tax returns, which are "generally held not privileged"); *see Pearson*, 211 F.3d at 72 (holding that "[l]egitimate interests in privacy are among the proper subjects of" Rule 26(c)'s protection).[16]

Obviously, as discussed in the Defendants' motion, the contents of the depositions involved very "legitimate interests in privacy" that R. Civ. P. 26(c) was designed to protect, including private medical, mental health, financial, and other information of a highly personal and private nature, including the personal and private information of non-parties.[17]

8.    Respectfully, the Plaintiff has articulated no legitimate objection to entry of the proposed confidentiality/protective order, and the Defendants submit that they have more than satisfied the "good cause" standard, particularly where only limited discovery on a jurisdictional issue is involved.

WHEREFORE, the Defendants, James F. Humphreys; Cindy J. Kiblinger; and James F. Humphreys & Associates, L.C., respectfully

---

[16]*In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. (2004).

[17]Not only did the Plaintiff inquire regarding the personal and private information of Ms. Humphreys, a non-party, he also inquired of other acquaintances of Mr. Humphreys who are also non-parties.

request entry of the proposed Protective/Confidentiality Order in

the above-referenced matter.

**JAMES   F.   HUMPHREYS;   CINDY   J. KIBLINGER; and JAMES F. HUMPHREYS & ASSOCIATES, L.C.**

**By Counsel**


STEPTOE & JOHNSON, PLLC

/s/ Russell D. Jessee
Russell D. Jessee, Esq.
DCB No. 468844
Chase Tower, Eighth Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8112
Facsimile (304) 353-8180


STEPTOE & JOHNSON, PLLC

/s/ Ancil G. Ramey
Ancil G. Ramey, Esq.
WVSB No. 3013 – Pro Hac Vice
Chase Tower, Eighth Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8112
Facsimile (304) 353-8180

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS F. URBAN, II,

      Plaintiff,

vs.)                                    Civil Action No. 1:07-CV-01367

JAMES F. HUMPHREYS;
CINDY J. KIBLINGER; and
JAMES F. HUMPHREYS &
ASSOCIATES, L.C.

      Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I filed the foregoing **"REPLY TO THE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE/CONFIDENTIALITY ORDER"** using the CM/ECF system and the Clerk of the Court will notify the following by electronic mail:

Mark A. Smith, Esq.
Law Office of Mark A. Smith, LLC.
1785 Massachusetts NW
Suite 100
Washington, DC 20036
*Counsel for Plaintiff*


/s/ Russell D. Jessee
Russell D. Jesse, Esq.
DC Bar No. 468844


/s/ Ancil G. Ramey
Ancil G. Ramey, Esq.
WV Bar No. 3013 – Pro Hac Vice