IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS F. URBAN II, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JAMES F. HUMPHREYS, )<br>    et al. )<br>)<br>Defendants. )<br>) | Civil Action No: 1:07-cv-01367<br>Judge James Robertson |

## PLAINTIFF'S MOTION TO STRIKE FALSE ALLEGATIONS

Plaintiff Thomas F. Urban II ("Urban") hereby, through undersigned counsel, respectfully moves to strike certain unsupported allegations that Plaintiff "stole" three documents from Defendant James F. Humphreys ("Humphreys"). In each case, Humphreys has no independent, objective evidence that such documents were stolen and, in fact, in each case, the documents were not stolen, as can be established by objective evidence.

Specifically, Defendant Humphreys, through pleadings, affidavits, and counsel's argument, has alleged that the following documents were "stolen" from him by Plaintiff: (1) Humphreys's address book; (2) a letter sent from Humphreys to James Fabiani, a lobbyist from whom Humphreys attempted to buy a home in the District of Columbia; and (3) a draft letter from Humphreys to a paramour. In each case, Plaintiff can establish that these documents were not "stolen" from Humphreys, but rather were obtained by legal methods. Unsupported allegations of "theft" such as these should be struck or Defendant should have to show cause why these allegations should be allowed to stand given the substantial effect they may have on Plaintiff's reputation and career.

## BACKGROUND

On September 30, 2007, Defendants filed a "Supplemental Response in Opposition to Plaintiff's Motion to Remand." In that filing, Defendants asserted that Plaintiff "stole" two separate documents that had been used during the deposition of Defendant Humphreys. During the argument regarding the motion to remand, counsel for Defendants again asserted that these documents had been stolen and added a third document to the list of documents allegedly stolen. The only support that Defendants have that any of these documents were "stolen" is the word of Defendant Humphreys. In each case, Humphreys is wrong.

    A.  Humphreys's Address Book

During the deposition of Defendant Humphreys, Plaintiff's counsel showed Mr. Humphreys pages from his own address book to establish that it was, indeed, his address book. In his supplemental filing and supporting affidavit, Mr. Humphreys asserted, without any independent evidentiary support, that this address book had been "stolen," either by Plaintiff or "someone on his behalf." The truth is that the address book was freely available and used within the Washington, D.C. office of the firm because Humphreys treated all of the attorneys and law clerks in that office like support staff, insisting that they look up addresses for him and make calls for him. Brian Willis, a law clerk formerly employed by the firm who has no stake in this litigation, has executed an affidavit explaining this fact. Exhibit A: *Affidavit of Brian Willis*. Neither Plaintiff, nor anyone on his behalf, stole this address book.

    B.  Letter from Humphreys to Fabiani

Plaintiffs' own supplemental filing included a letter written by Humphreys to a local lobbyist, James Fabiani, offering to purchase a house owned by Fabiani in the District of Columbia for more than its market value. Again, Humphreys, through counsel, without any

independent evidentiary support, has alleged that Plaintiff stole this letter from a "closed drawer in his private office." The truth is that Plaintiff did not even obtain this letter through Humphreys or anyone at his firm. Instead, Plaintiff obtained this letter directly from Mr. Fabiani, who is a personal friend of Plaintiff's counsel.

    C. <u>Draft Letter to Paramour</u>

During the deposition of Defendant Humphreys, he was shown a copy of a letter that he drafted to a paramour. Once again, Humphreys, in his supplemental filing and affidavit, without any independent evidentiary support, alleged that this letter was "stolen" from a "closed drawer in his private office." The truth is that Plaintiff found the original draft of this letter in a conference room that was available to all persons in the D.C. office and he made a copy out of curiosity long before his employment was terminated or this suit was initiated. Once again, this draft letter was not stolen from Humphreys.

**ARGUMENT**

It is unfair to Plaintiff to allow gratuitous, harmful, unsubstantiated, false allegations to remain in the record of this case, when they can easily be stricken.  There is sufficient information in this motion to justify that course of action by this Honorable Court.

**CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that this Court strike Defendants' allegations that Plaintiff "stole" any of the three documents at issue herein..

DATED this 5th day of November, 2007.

                Respectfully submitted,

                _____/s/_____
                Mark A. Smith
                Law Office of Mark A. Smith, LLC
                D.C. Bar No. 439116
                1785 Massachusetts Avenue, N.W.,
                Suite 100
                Washington, D.C. 20006
                (202) 776-0022
                (202) 756-7516 (facsimile)

                Attorney for Thomas F. Urban II

COUNTY OF HILLSBOROUGH )
                                             ) s.s.
STATE OF FLORIDA             )

## AFFIDAVIT OF BRIAN C. WILLIS

I, Brian Willis, being duly sworn according to the law, depose and say:

1. My name is Brian C. Willis, I am 24 years old and make this affidavit based upon my personal knowledge.

2. I graduated from the George Washington University Law School in 2007 and now am an attorney licensed to practice in the State of Florida.

3. During the summer of 2006 and the following school year, I worked as a law clerk for the firm of James F. Humphreys & Associates, L.C. ("JFHA") in its Washington, D.C. office. During the summer, I worked a minimum of 40 hours per week and during the school year, excluding holiday breaks, I worked approximately 15 hours per week.

4. During most of the time that I was a law clerk at JFHA, there were only two attorneys working in the District of Columbia office: James F. Humphreys ("Humphreys") and Thomas F. Urban II ("Urban"). Early in 2007, another attorney, James H. Falk, Jr. joined the D.C. office.

5. During most of the time that I was a law clerk at JFHA, the D.C. office did not have a receptionist. As a result, another law clerk and I served as receptionists, answering the telephones and greeting any visitors to the office. When we were not in the office, Mr. Urban often handled these receptionist responsibilities.

6. During the time that I was a law clerk at JFHA, the D.C. office did not have any legal secretaries, paralegals, or other support staff. Therefore, when we were in the office, we often were asked to act in these capacities.

7. One of the tools that we used for the firm was a copy of Mr. Humphrey's address book. A copy of the book was kept at the receptionist desk and another in the office that the other law clerk used when she was there. Both of these copies of Mr. Humphreys's address book were freely available to anyone in the D.C. office. I do not know if other persons in the office had their own copies of this book.

8. Mr. Humphreys's address book was not kept private from any person who worked in the D.C. office during the period of time that I worked in the office.

9. Mr. Humphreys would often ask us to look up the name of someone in the address book and call them to ask them a question.

10. This address book was freely available to all persons in the office.

FURTHER AFFIANT SAYETH NOT.

_____
Brian C. Willis

Taken, subscribed and sworn to before me this 1st day of October, 2007.

My Commission expires: 2/16/08
FL DL presented

_____
Notary Public

(NOTARY SEAL)

JENNIFER LOMBARD
Notary Public, State of Florida
My comm. expires Feb. 16, 2008
No. DD291300